## Louis Rubenstein v. Duncan Cruikshanks.

*Innkeeper's liability for peddler's pack.*

1. An innkeeper's liability for a guest's baggage is not diminished, but rather increased, by the fact that the guest has got too drunk at his bar to take care of it himself.

2. A guest's obligation to notify the innkeeper if he has property of extraordinary value in his baggage does not attach to a peddler stopping at an inn with his pack, or with the usual appurtenances of his business. So *held* in the case of a peddler who put up at an inn with a comrade, each having a valise and a small box, their baggage amounting to upwards of $300, and whose goods and valise were taken while in the landlord's care.

Error to Marquette. (Grant, J.) June 5.—June 18.

CASE. Defendant brings error. Affirmed.

*Ball & Hanscom* for appellant. An innkeeper is discharged from liability for the loss of or damage to the goods of a guest if the latter's negligence conduced to such loss or injury : *Cutler v. Bonney* 30 Mich. 261 ; *Elcox v. Hill* 98 U. S. 218 ; *Cashill v. Wright* 6 El. & Bl. 891 ; *Fowler v. Dorlon* 24 Barb. 384 ; *Hawley v. Smith* 25 Wend. 642 ; *Hadley v. Upshaw* 27 Tex. 547 ; *Kelsey v. Berry* 42 Ill. 469 ; " baggage " includes a reasonable amount of money in a trunk, for travelling expenses, and such articles of necessity and convenience as are usually carried by passengers for their personal use and comfort, amusement or protection : *Weeks v. N. Y. &c. R. R. Co.* 16 N. Y. Sup. Ct. 669 ; *Hutchings v. Western &c. R. R. Co.* 25 Ga. 63 ; *Dexter v. Syracuse &c. R. R. Co.* 42 N. Y. 326 ; *Parmelee v. Fischer* 22 Ill. 212 ; but it does not extend to money, merchandise, or other valuables designed for business merely : *Woods v. Devin* 13 Ill. 746 ; it is fraud on a railroad company, under pretense of having baggage transported to put merchandise, jewelry and other valuables in charge of its agents without notifying them of their character and value, and it will prevent recovery in case of loss, unless it occurs through gross negligence : Edw. Bailments, § 529 ; *Mich. Cent. R. R. Co. v. Carrow* 73 Ill. 348 ; *Whitmore v. Steamboat Caroline* 20 Mo. 513 ; *Doyle v. Kiser* 6 Ind. 242.

SHERWOOD, J. The defendant was proprietor of a hotel at Crystal Falls, in the county of Marquette. On the 15th day of July, 1883, the plaintiff, who was a stranger in the place and engaged in peddling, accompanied by an employee, became a guest of the defendant's, and remained at his hotel until the following Monday forenoon. On entering the hotel the defendant took charge of his baggage and goods and assigned plaintiff a room for the night, which he and his employee occupied. They each had a valise and small box which contained their baggage and goods to the amount of over $300. On Monday the plaintiff's valise and goods, while they were thus in the hotel, were stolen, and the plaintiff brought this suit against the defendant as innkeeper, to recover the value of the property lost, and obtained a judgment therefor.

On the trial the plaintiff's testimony was to the effect that the plaintiff, at the time the goods were stolen, was stopping at the hotel as a guest; that his valise and goods were deposited in the usual place in the bar-room where baggage and the goods of guests were kept, in the care of the defendant; and while there in his care the goods were taken. On the contrary of this, the defendant testified that on Monday morning he placed the goods and valise of the plaintiff, which were lost, on a table in the care of the plaintiff.

The testimony in the case was brief, and no exceptions were taken upon the trial other than those to the charge and the refusals to charge.

That the plaintiff was the guest of the defendant, and remained at his hotel the length of time claimed, does not seem to have been contested. The question as to who had the custody of the goods at the time they were stolen was submitted to the jury, who were told by the court that, if the plaintiff had charge of them, he could not recover, and their general verdict determined that question in the plaintiff's favor.

It appeared from the testimony that while the plaintiff was at the hotel he drank liquor freely at the bar, and became somewhat intoxicated, and counsel for the defendant requested the court to charge the jury that they could take that fact in consideration in determining the negligence of the plaintiff at the time the goods were lost, and the court charged this would make no difference if the goods had been placed in charge of the defendant, and the fact that the plaintiff got intoxicated at the bar of the landlord should, if anything, cause him to be held to a stricter liability. We see no error in this charge.

It was further claimed by defendant's counsel that it was the duty of the plaintiff in this case to notify the defendant of the valuable character of the goods contained in the valise and box when he became defendant's guest. We do not think the record discloses a case making such notification necessary, although the rule, in a proper case for its applica-

tion, we recognize.   We think the charge of the court upon this subject was correct.

At the close of the evidence counsel for the defendant presented eight special requests to the court to charge.[1]   We have examined them all carefully, and are satisfied that the charge of the court covers all the questions of law therein

[1]These requests were:

*First.* Want of ordinary care on the part of a guest at an inn, in the care and management of his property, contributing to the loss, will exonerate the innkeeper from his liability; if, therefore, you find from the evidence, that the plaintiff did not use the ordinary care that a prudent man might reasonably be expected to have taken under the circumstances, and in consequence thereof, the property of the plaintiff was stolen, the defendant will not be liable.

*Second.* If you find that any negligence upon the part of the plaintiff contributed to the loss complained of, then your verdict will be for the defendant.

*Third.* A person who has been guilty of ordinary negligence in the care and management of his property, which has contributed to its loss or injury, so that, but for his fault or negligence the loss would not probably have occurred, cannot maintain an action against the innkeeper where he was a guest, for such loss; although the innkeeper may also have been guilty of negligence, even to the extent of *gross negligence*, for in such a case the extent of the innkeeper's negligence cannot avail the plaintiff, who, by his fault, has contributed to the loss.

*Fourth.* Every person is bound to use *ordinary* care, at least, for the protection of his person and property.   Ordinary care implies the use of such watchfulness and precautions as are fairly proportioned to the danger to be avoided, judged by the standard of common prudence and experience.

*Fifth.* If the plaintiff had valuable and costly goods in his pack or satchels, and gave no information to the defendant of such contents, but permitted, knowingly, the same to lie about in a public bar-room of defendant's hotel without attention from himself, or attempting to have the same taken care of by any one, it would be strong evidence of negligence on the part of the plaintiff.

*Sixth.* If you find from the evidence that the property in question, while at the hotel of defendant, was at one time placed where the plaintiff was unable to find it, by some third party, and that the defendant subsequently found the same and delivered it to the plaintiff, and directed the plaintiff to take care of it, to which plaintiff assented, or gave the defendant good reason to believe and think he assented, and the defendant took no further care thereof, supposing that the plaintiff had assumed the full charge of the property, but the plaintiff failed or neglected so to do, that would constitute negligence upon the part of the plaintiff; and if, by reason of that negligence, the goods were lost, the defendant will not be liable in this suit.

*Seventh.* If the loss of the plaintiff's goods would not have occurred, or would have been prevented, in all reasonable probability, by the exercise of ordinary care, watchfulness and prudence upon the part of the plaintiff, then the plaintiff cannot recover, and your verdict will be for the defendant.

*Eighth.* If the negligence which contributed to the loss was mutual upon the part of the defendant and plaintiff, no action can be sustained.

raised sufficiently, necessary to enable the jury to properly dispose of the facts in the case. The charge given is as follows:

" *Gentlemen of the jury*: The plaintiff claims that he went to the hotel of the defendant on a certain day, and took with him as baggage a pack and valise containing goods, he being a peddler; that he went there as a guest of the defendant; that his goods were some of them lost while he was there as his guest, and therefore the defendant is liable to pay for them.

The liability of an innkeeper, gentlemen, is this: Whenever a guest goes to an inn or hotel, and becomes a guest of the hotel, and leaves his property with the hotel-keeper, the hotel-keeper is responsible for the baggage or goods so deposited. It is not necessary that anything should be said between the guest and the landlord as to the liability. It is not necessary that the guest should say to him, 'You take these goods of mine and keep them.' If he goes into the office of the hotel, and deposits his goods there,—his valise, or whatever he has accompanying him as a guest, and deposits it there, in the presence of the landlord, in the office, in the customary place where things were ordinarily deposited, so that the landlord sees it, and there receives him as his guest, the landlord's liability is then fixed for these goods, and it is then his duty to take care of them. If he seeks to escape liability in case they are lost, then the burden of proof is upon him. Mere proof that the goods are lost—mere proof even that they are stolen, without showing by whom—would not release the innkeeper from liability. Although they were stolen from his office, from the place where the guest had left them, without any negligence on the part of the guest, the innkeeper in that case would be liable. In other words, the burden of proof is entirely upon him. So, gentlemen, if you find in this case that the plaintiff went to the hotel of the defendant, it being admitted that he was an innkeeper; that he went there as his guest; that he deposited the goods which he had with him with the landlord, the defendant in the case, or in his presence, in the office of the hotel, in the customary place where such things were deposited, and the goods were lost,—I charge you that the defendant would be liable for the goods so lost, unless there was some contributory negligence, or some other agreement on the part of the plaintiff.

Now, then, if the plaintiff and the defendant made an arrangement by which the plaintiff, Mr. Rubenstein, was to

take care of his own goods, that, then, would release the
defendant in the case.  If he gave the landlord to understand,
by his acts or by his words, that he would take care of his
own goods and relieve the landlord, the defendant in the case,
from liability on that account, why, of course, he could not
recover, because he would then be guilty of contributory neg-
ligence, and would have assumed to take care of his own
goods.  That, gentlemen, is about all there is of this case, so
far as the liability is concerned.  If he was received there
as a guest, and the defendant, under the instructions I have
given you, assumed control of his goods and of him, then he
is liable, unless, under the charge I have given you, you find
that the plaintiff in the case made some other agreement, or
an agreement to take care of his own goods, or gave the
defendant in the case to understand that he would take care
of his own goods.  If he did not do that, then the defendant
is liable.  The defendant in the case claims that there were
valuable goods in the plaintiff's valise, and therefore he
should have notified the defendant of that fact.  It is true,
gentlemen, that under certain circumstances a person may
have such valuable goods in his possession that he should
notify the landlord to take care of them ; notify him what
they were.  But this would not apply to a case where a ped-
dler went to a hotel with his pack and his valise which he
used in traveling, provided he had with him the ordinary
things that such a man carries for the purpose of carrying on
his trade.  If the plaintiff in this case had such things as are
usual and customary for a man in his position to have in carry-
ing on his trade, then the defendant assumed all the liability
for what he had in there without further notice.

As to the question of damages, gentlemen, if you reach
that point, it is a matter entirely and exclusively for you.
You must examine the plaintiff's testimony carefully in
regard to what he had there, and its value.  It is his duty,
of course, to give you proof from which you can say that he
has lost goods of a certain value.  If he has done that, and
you find that the defendant is liable, then you must give him
judgment for whatever you find he has proven to your satis-
faction, by a preponderance of evidence, that he lost, with
interest from the date of its loss to the present time."

*Mr. Ball.*  "Your honor spoke about the principle of the
duty of the plaintiff to notify the hotel-keeper of his valu-
able goods, if he had the ordinary material.  You say that
would not apply in case he had the ordinary things that ped-
dlers have.  I think it would be proper to call the attention

of the jury to the evidence upon that point. The evidence is that there was no pack; not anything but a valise such as travelers ordinarily carry. The hotel-keeper had no way of knowing that they were peddlers, nor is there any evidence showing that he had any reason to suppose that they were peddlers, unless it was from their race. The evidence is that they had these valises, and they had two large paper boxes, such as they ordinarily carried their goods in."

*The Court.* " Of course we know, as a matter of fact, that there are peddlers going around the country; whether or not they all carry packs—I referred to that because I supposed they did—and the valise usually with them. You understand, gentlemen, I have charged you, if they were carrying such things as peddlers usually carry, there was no obligation on the part of the plaintiff to notify the defendant of what he had in it; but in case the things were of extraordinary value—as for instance, if a man had a tray of diamonds worth thousands of dollars in his valise—and he should say nothing about it, but leave it in the way in which the goods were left here, then he might be found guilty of contributory negligence, and it might be his duty to notify the landlord, so as to put him upon his guard, that he might take extraordinary precaution to protect property of very great value. But if it was the ordinary goods that he used in his business, then he would not be bound so to do."

Counsel for the defendant then requested the court to charge the jury, in addition to previous requests : " That the jury can take into consideration, on the question of negligence of the plaintiff, the fact of his drinking and being intoxicated at the time the goods were lost." Which last request was refused by said court.

The court then further charged said jury as follows: " I don't think that would make any difference. In fact, when the goods were once placed in his charge, the fact that the owner of the goods got intoxicated there at the bar of the landlord, if anything, I think the landlord should be held to stricter liability on that account. If he gave the landlord to understand that he would take care of his own goods, of course he cannot recover; but if he did not do so, then the landlord must be liable."

This charge is clear, full and states the law correctly, applicable to the facts in the case.

We find no error in the record, and the judgment of the circuit court must be affirmed.

The other Justices concurred.