(23 Misc. Rep. 658.)

### WILEY et al. v. BONDY et al.

(Supreme Court, Appellate Term. June 6, 1898.)

1. BURDEN OF PROOF.

The burden of proof always remains upon the party having the affirmative of the issue.

2. NEGLIGENCE—BURDEN OF PROOF.

In an action by the tenant of a lower floor of a building against the tenant of the floor above, to recover damages for injuries resulting to the former's premises through an overflow of water due to some one's negligence in leaving the water turned on in a bath room in the defendant's premises, the defendant's evidence was to the effect that during his tenancy the water in the bath room had never been used for any purpose, and that on the day in question neither he nor any one under his control had entered the room, but that it had been entered by a plumber, not in his employ, to make some examination. Held, that the decision of the trial justice that the plaintiff had failed to sustain the burden of affirmatively establishing defendant's negligence should not be disturbed.

Appeal from Third district court.

Action by Charles Wiley and others against Simon M. Bondy and others. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

T. W. Foster, for appellants.

Louis Steckler, for respondents.

GILDERSLEEVE, J. In September, 1897, the plaintiffs occupied, for business purposes, the basement and first floor of the premises No. 53 East Tenth street, in this city. The defendants occupied, and were in possession and control, as tenants, of the second floor of said premises, which included a room in which was a bath, with two faucets opening into the same. The defendants also occupied the second floor of an adjoining building, communicating with the second floor, above mentioned, by means of a door. This adjoining building was not the property of the landlord from whom the Tenth street premises were rented, but belonged to the Lorillard estate. In the morning of September 11, 1897, the plaintiffs' premises were found to be injured, and some of their property destroyed, by reason of the overflow of water from the premises occupied by defendants, as aforesaid. The ceiling of the plaintiffs' back room, which was under the bath room on the defendants' floor, had fallen down, the walls were soaked with water, and water was upon the floor, while drops of water were hanging to the ceiling, and the mortar and lath were damp. The claim of the plaintiffs, that the overflow came from the bath room on defendants' floor, is fully established by the evidence. The testimony shows that an inspection of the bath room at the time disclosed the fact that the faucet was turned on; that the tub was full of water to the top; and that there was some water on the floor. It further appears that, although there was no water running at the time, the water pressure in that neighborhood was much greater at night than in the daytime; and, from all

the circumstances disclosed, the conclusion is irresistible that the water came from the overflow of the bath tub in defendants' premises on the previous night. The plaintiffs brought this action to recover damages for the injury sustained by reason of this overflow. As we have seen, the overflow came from defendants' premises, and was brought about by some one leaving the faucet on defendants' premises open during the night, and omitting to remove the stopper from the tub. The bath tub was shown to be in the control of defendants, and, in the ordinary course of things, an overflow like the one in question does not happen if reasonable care is used. In the absence, therefore, of any explanation by the defendants, it might well be said that the overflow arose from want of care on the part of the defendants. The facts above set forth clearly established a prima facie case of injury to the plaintiffs from the defendants' negligence. The motion, therefore, to dismiss the complaint at the end of the plaintiffs' case, was properly denied. See Greco v. Bernheimer, 17 Misc. Rep. 592, 40 N. Y. Supp. 677; Simon-Reigel Cigar Co. v. Gordon-Burnham Battery Co., 20 Misc. Rep. 598, 46 N. Y. Supp. 416.

The excuse or explanation offered by defendants is as follows: That the bath room was not used for any purpose; that it was located at the extreme end of the left, and there were basins and toilets in other parts of the building for the use of the employés, which were, at least, 30 feet from this bath room; that the room adjoining the bath room, and forming the left of 53 East Tenth street, was used as a cloth and stock room, and no one could get into the stock room, and therefore by no possibility into the bath room, without passing the defendant Isidor Krotosky, or the stock man or Isaac Krotosky, who was there in charge whenever Isidor was absent; that no one ever went into the stock room except the partners and the stock man; that no one ever had permission to go into the stock room, except these men; that no one of the employés went into the bath room, for the reason that neither of the partners nor the stock man nor Isaac Krotosky ever saw one go in, and that they or one of them would have been certain to have seen any one who attempted to go into that bath room; that none of the partners nor the stock man ever used the bath room themselves, and neither of them turned on the faucet or put in the stopper in the tub. It does appear, however, from the testimony, that a plumber, in the employ of the Lorillard estate, went through the entire premises, including this bath room, the day before the flood. It does not appear that this plumber was in any way the agent of the defendants; and, if he left the faucet open, it was not the act of the defendants, or of one for whose act they were responsible.

We thus see that the defendants offered much evidence, in explanation of the mischief complained of, which tended to negative want of care on their part. They did not deny the overflow, nor the injury caused thereby, but contested their alleged liability by undertaking to show that they exercised every reasonable care in regard to the tub and faucets; and they established a series of facts, if the trial justice gave credit to the testimony offered, tending to show

their freedom from negligence. The duty devolved upon the trial justice of determining, by a consideration of all the testimony, including the presumption created by the introduction of the plaintiffs' testimony before explanation on the part of the defendants, whether or not the alleged negligence of the defendants was established. The burden of proof was upon the plaintiffs to show, by a fair preponderance of evidence, negligence on the part of defendants. The burden of proof always remains upon the party who has the affirmative of the issue. From certain facts presumptions may arise, but those presumptions are merely evidence, like other proof in the case. When the case was finally submitted to the justice, weighing presumptions, proofs, and all the evidence, the burden of proof was upon the plaintiffs to establish affirmatively the negligence of the defendants. A presumption does not shift the burden of proof. See Jones v. Railway Co., 18 App. Div. 267, 46 N. Y. Supp. 321. The learned trial justice has decided that the plaintiffs have not met the requirements imposed upon them in this respect, and with that decision we do not feel called upon to interfere.

There are no questions of law presented on this appeal that require discussion, and it follows that the judgment should be affirmed, with costs.

GIEGERICH, J., concurs in result.

BEEKMAN, P. J. (concurring). It may have been sufficient to make out a prima facie case for the plaintiffs to show that the overflow which occasioned the damage came from the defendants' premises through a faucet which had been left open without evidence tending to show that this condition had been produced by the defendants themselves or some one in their employ. Moore v. Goedel, 34 N. Y. 527; Greco v. Bernheimer, 17 Misc. Rep. 592, 40 N. Y. Supp. 677; Simon-Reigel Cigar Co. v. Gordon-Burnham Battery Co., 20 Misc. Rep. 598, 46 N. Y. Supp. 416. Assuming that such is the law, the rule still applies which requires the plaintiff to make out his case by a preponderance of evidence; and the burden of so doing continues with him to the close of the whole case. In other words, the presumption of fact upon which, in certain cases, the plaintiff may rely in the first instance in support of his case, is rebuttable; and, when the defendant has offered proof which dispels the presumptions, the plaintiff must resume the burden of establishing his cause of action by additional evidence.

In the case at bar the evidence was purely circumstantial and inconclusive. The trial justice might well have come to the conclusion that it was so evenly balanced that there was no preponderance in plaintiffs' favor, in which event, of course, it was his duty to dismiss the complaint. It is contended, however, that the defendants, as a matter of law, were guilty of negligence because they did not inspect the faucet from which the water appears to have come before leaving their premises on the night prior to the accident; and reference is made to the case of Simon-Reigel Cigar Co. v. Gordon-Burnham Battery Co., supra, in support of this claim. That case, how-

ever, is quite different in its facts from the one under consideration. It may be that there is such a duty which the law recognizes where the faucet is in daily use, as it was in that case; but in the case at bar it was shown that the bath room where the faucet was, with its present equipment, was in the building when the defendants took their lease of the premises; that it was not adapted to the uses for which the premises were occupied; and that it had never been used for the purpose of drawing water by either the defendants or their employés. It can hardly be said, therefore, under these circum-stances and as a matter of law, that any duty rested upon the de-fendants of making a nightly inspection of the plumbing of this place.

The case was tried before the justice below without a jury, and it was for him to determine whether, under all the circumstances of the case, the defendants had acted in the matter with ordinary prudence and care. How the faucet came to be open in no way ap-pears. It was claimed by the plaintiffs that it must have been the act of the defendants or their servants. On the other hand, the de-fendants insisted that it must have been turned on by a plumber who had been employed by their landlord to make some changes in the plumbing elsewhere in the building, and who, in making some investigations, had gone into the bath room to look at the plumbing there, the day before the accident took place. It was for the trial justice to draw such inferences from the facts proven as in his judgment they seemed to warrant, and the burden rested upon the plaintiffs of establishing their cause of action to his satisfaction by a fair preponderance of proof. As we have already said, he might well, however, have determined, upon the facts disclosed by the rec-ord, that the evidence was evenly balanced, and that the plaintiffs had not sustained the burden of proof which the law cast upon them. Doubtless, that was the reason why he dismissed the complaint. It is well settled that this court will not interfere with the action of the court below with respect to the weight of evidence, except to pre-vent palpable injustice in cases where his determination in that re-gard is obviously wrong. The judgment should therefore be af-firmed.

Judgment affirmed, with costs.