J. W. HUNTER, Appellant, v. RICKE BROTHERS, ET AL., Appellees.

**Bailments:** NEGLIGENCE: EVIDENCE. In an action based on the negligence of a stable keeper for the loss of a team by fire in the nighttime, evidence that plaintiff relied on defendant's statement that he would remain at the stable during the night was immaterial.

**Destruction of bailed property:** NEGLIGENCE: BURDEN OF PROOF. Ordinary care is required of a bailee for hire, and where bailed property is destroyed, the burden is on him to overcome the presumption that the loss arose from his lack of care, but where he shows that the loss occurred through the operation of forces over which he had no control, it then becomes incumbent on the bailor to disprove the asserted cause of loss, or to show that the bailee's want of care co-operated with the destroying cause.

**Negligence:** EVIDENCE. Evidence held insufficient to show negligence by a bailee resulting in destruction of the bailed property.

*Appeal from Webster District Court.*— HON. W. D. EVANS,
Judge.

SATURDAY, MARCH 11, 1905.

ACTION to recover the value of a team of horses de-
stroyed by fire while in the possession of defendants as bailees
for hire. At the close of all the evidence there was an in-
structed verdict in favor of defendants, and a judgment
against plaintiff for costs. Plaintiff appeals.— *Affirmed.*

*Mitchell & Hackler,* for appellant.

*Healy Bros. & Kelleher,* for appellees.

BISHOP, J.— At the time of the occurrence in question
defendants were engaged in the conduct of a livery and feed
barn for hire. Plaintiff gave his team of horses into the
custody of defendants to be cared for overnight in said barn,
and during the night the same were destroyed by a fire which
consumed the barn and its contents.

I. Plaintiff bases his action wholly upon the theory
that the destruction of his property was the result of negli-
gence on the part of defendants, the allegation of the petition
being that defendants failed to exercise ordi-
nary care to protect the property from danger
by fire. Upon the trial plaintiff sought to
show that in consenting to leave his team in the barn he
placed reliance on a statement made to him by one of the
defendants to the effect that such defendant was to remain
in attendance upon the barn all night. The questions asked
were leading in form, and objections made on the ground
were sustained. Counsel for appellant, however, contends
for error in that " the information desired was of such char-
acter that it could not be elicited in any other way except
by leading questions." We are not disposed to this view,
but we need not enter upon any discussion of the question,

1. BAILMENTS:
   negligence;
   evidence.

as, in any event, the rulings involved no prejudice. Under the issue the sole question in the case was whether defendants were negligent in respect of their care of the property intrusted to them. Evidence that plaintiff relied upon a statement in effect as contended for, could have no bearing upon the issue as thus made.

Appellant also complains of error in that a question asked of the defendant as a witness, having relation to the entrances to the barn, and how they were fastened on the night in question, was ruled out. As we find that the existing conditions were subsequently brought fully to the attention of the jury, the complaint is without merit.

II. The ruling upon the motion to direct a verdict is complained of as error. It will be noticed that the motion was made at the close of all the evidence in the case. Such

**2. DESTRUCTION OF BAILED PROPERTY: negligence; burden of proof.** motion was predicated upon the theory that the burden of proof was with plaintiff to establish the negligence alleged in the petition, and that there has been a failure to make such proof. The record shows that plaintiff rested his case solely upon proof of the bailment, that the property had been destroyed by fire, and a consequent failure on the part of defendants to make return of the property in response to his demand. Defendants on their part introduced evidence to the effect that the fire occurred during the night, and from some unknown cause. Fairly stated, it is the contention of appellant that, having made proof of the fact of bailment, and of the failure to return, there arose a presumption of negligence as matter of law; that in such situation the burden was cast upon defendants to show ordinary care and diligence on their part to protect and preserve the property; and that, having failed in this, as disclosed by the record, they cannot be heard to deny liability. Counsel for appellees, on the other hand, contend that the presumption of negligence, admitting that such arose as contended for, was overcome by proof of the fact that the fire occurred through some un-

known cause, and hence was either accidental or incendiary in character. As the bailment was for hire, and therefore for the mutual benefit of both parties, ordinary care was all that was required at the hands of defendants. *Chamberlin v. Cobb,* 32 Iowa, 161. Such a bailee cannot be regarded as in any sense an insurer. *Seevers v. Gabel,* 94 Iowa, 75.

Now that a bailee who fails to account for property intrusted to him may be held liable in some form of action for the value thereof, is general doctrine. And it may be conceded that in the greater weight it is the rule of the cases that, where it appears the property bailed is injured, lost, or destroyed while in the exclusive possession of the bailee, the burden is upon him to overcome the presumption arising therefrom that such occurred through a want of ordinary care on his part. *Funkhouser v. Wagner,* 62 Ill. 59; *Ouderkirk v. Bank,* 119 N. Y. 263 (23 N. E. Rep. 875); *Davis v. Tribune Co.,* 70 Minn. 95 (72 N. W. Rep. 808); 5 Cyc. 217. But the burden of proving negligence does not change. *Wiley v. Bondy,* 23 Misc. Rep. 658 (52 N. Y. Supp. 68); Thompson on Negligence (2d Ed.) 1051. And when the presumption which obtains contemporaneous with the injury or loss, and which, as in this case, is solely relied upon in chief, is overcome by a showing that such injury or loss occurred through the operation of forces not within the control of the bailee, the case must be at an end, unless he who complains shall go farther, and either disprove the asserted cause of loss, or make it appear that a want of ordinary care on the part of the bailee co-operated with such destroying cause. *Dierkson v. Cass Co., etc.,* 42 Iowa, 38; *Willett v. Rich,* 142 Mass. 356 (7 N. E. Rep. 776, 56 Am. Rep. 684); *Schmidt v. Blood,* 24 Am. Dec. 143, and notes; *Claflin v. Meyer,* 75 N. Y. 260 (31 Am. Rep. 467); *Railway v. Reeves,* 10 Wall. 176 (19 L. Ed. 909); *Railway v. Railway,* 26 Minn. 243 (2 N. W. Rep. 700, 37 Am. Rep. 404).

In this view of the law, and taking the situation as here

described, we have as the only remaining subject of in-
quiry whether any evidence was brought forward by plain-
tiff tending to show negligence on the part of
3. NEGLIGENCE: defendants in connection with the origin or
evidence.
progress of fire by which the property was admittedly de-
stroyed.  Our reading discloses nothing that would have
warranted a submission of the case to the jury.  No one
pretends to know the origin of the fire, and nothing was
shown indicating that it grew out of any cause allowed to
exist or set in motion by the defendants.  When discovered,
the barn was all ablaze, and with it was burned much prop-
erty of the defendants as well as the property owned by
plaintiff.

We conclude that a case of negligence as alleged was
not made out, and accordingly the judgment complained of
should be, and it is, *affirmed*.