## HARRY N. VERTREES V. GAGE COUNTY.

FILED DECEMBER 20, 1905. No. 14,026.

**Burden of Proof.** The burden of sustaining the affirmative of an issue involved in an action does not shift during the progress of the trial, but is upon the party alleging the facts constituting the issue, and remains there till the end. *Rapp v. Sarpy County,* 71 Neb. 382, 385, followed and approved.

ERROR to the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Reversed.*

*E. ·O. Kretsinger,* for plaintiff in error.·

*H. E. Sackett, Hazlett & Jack* and *S. D. Killen, contra.*

OLDHAM, C.

This was an action to recover damages for injuries received by plaintiff from the breaking down of a bridge over a stream of running water in Gage county, Nebraska, while assisting in taking a threshing machine engine across the bridge. The negligence relied upon was the action of the county in permitting the bridge to remain in a dangerous condition by reason of rotten stringers and piling after notice of such defective condition had been given to the board of supervisors of the county. The defense mainly relied upon by the county was contributory negligence of the plaintiff in going upon the bridge with a threshing machine engine when he had knowledge of the dangerous condition of the bridge.

An examination of the testimony in the bill of exceptions shows that plaintiff's evidence, standing alone and uncontradicted, tended to show a want of knowledge of the dangerous condition of the bridge on the part of the plaintiff when he went onto it to assist in taking the engine across the bridge. On the contrary, the testimony introduced by the county shows facts and circumstances connected with the injury, as well as alleged admissions of the plaintiff after the injury, that strongly tended to support the defense of contributory negligence. All these alleged admissions, however, were denied by the plaintiff, so that, in view of the entire testimony, the question of contributory negligence was one of fact for the determination of the jury. This was the view evidently taken by the learned trial judge who presided at the hearing of the cause in the district court, and, at the close of all the evidence, submitted the question to the jury. On issues thus submitted, the jury returned a verdict for the defendant. There was judgment on the verdict, and to reverse this judgment plaintiff brings error to this court.

No complaint is urged in the brief of plaintiff in error except as to the action of the trial court in giving instructions, and we see but one instruction complained of that requires serious notice at our hands. This was the second paragraph of instructions given at the request of the defendant county, which is as follows: "The court instructs the jury that the rule that the burden is upon the defendant to show by a preponderance of the evidence that the plaintiff was guilty of negligence, which contributed to cause the injury, does not apply where the evidence of the plaintiff himself shows that he was guilty of any negligence, which contributed to cause the injury, and if you believe from the evidence of the plaintiff in the case that, in the exercise of reasonable care and prudence, and in view of the circumstances known and apparent to him, the plaintiff ought to have known and appreciated the danger of going upon the bridge, where he was injured, with a threshing machine of great weight, then his going upon said bridge under such circumstances was contributory negligence on this part." This instruction, in that it shifts the burden of proof of the defense of contributory negligence from defendant to plaintiff, falls within the ban of the rule recently announced in *Rapp v. Sarpy County,* 71 Neb. 382, 385. The rule announced by AMES, C., at the first hearing in *Rapp v. Sarpy County, supra,* is as follows:

"The burden of sustaining the affirmative of an issue involved in an action does not shift during the progress of the trial, but is upon the party alleging the facts constituting the issue, and remains there till the end."

On a rehearing, and after mature consideration, this rule was adhered to by this commission and a majority of the court, and, as we take it, has now become the settled rule of law in this jurisdiction. Consequently, for the error committed in giving the second paragraph of instructions, as above set out, we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.