HALE DAVIS, APPELLEE, v. A. O. TAYLOR & SON, APPELLANT.

FILED JANUARY 16, 1913.    No. 16,882.

1. New Trial: AMENDMENT OF MOTION. A motion for a new trial cannot be amended by assigning new grounds after the statutory time for filing such motion has expired, except upon a finding by the court that the party was unavoidably prevented from presenting the matter contained in the amendment within three days after verdict.

2. Appeal: NEW TRIAL. "Questions presented by an amendment to a motion for a new trial, made more than three days after verdict and without a finding of the court that the party was unavoidably prevented from presenting such questions within three days from verdict, will not be considered by this court." *Gullion v. Traver,* 64 Neb. 51.

3. Bailment: INJURY TO PROPERTY: BURDEN OF PROOF. As a general rule, when a bailee returns the property bailed in a damaged condition, the burden is upon him to show that the damage did not occur through his negligence, and an instruction embodying this principle is not erroneous.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*J. L. Grimm* and *R. C. Hunter,* for appellant.

*Bartos & Bartos, contra.*

LETTON, J.

This was an action by the keeper of a livery stable to recover the value of a horse which he alleged was injured through the negligence of one of defendant's employees to such an extent that it became worthless. Plaintiff recovered, and defendant appeals.

The assignment that the court erred in giving the third instruction to the jury is not entitled to be considered. The record shows that it was not contained in the original motion for a new trial. It was interlined more than 30

52

days after the motion had been filed, and without any excuse being offered for the delay. *Gullion v. Traver*, 64 Neb. 51.

By the fourth instruction the jury were told, in substance, that if, while in the exclusive possession of a bailee, the property bailed is injured, the law presumes that such injury occurred through the negligence of the bailee, and the burden of proof is upon such bailee to overcome such presumption. It is contended that this instruction was erroneous, for the reason that such a bailee is not an insurer, but is only chargeable with ordinary care, and that the burden of proving negligence is upon the plaintiff. Where a bailee of a horse, hired to be driven, returns the horse injured in a manner that would most probably be caused by negligent and careless driving, a presumption arises from the very fact of injury that such negligence existed. This fact, in the absence of other evidence, makes out a *prima facie* case for the plaintiff. The instruction recognizes this principle. The only burden placed upon the bailee is that, when it is established that the property was injured while in his possession, he must overcome this presumption by his proofs. It is pointed out in *Bissel v. Harris & Co.*, 1 Neb. (Unof.) 535, that there are exceptions to this rule, and that if the bailee establishes that the injury "occurred through inevitable accident or irresistible force, which do not of themselves import negligence, the burden of proving negligence is upon the bailor." While there is a conflict in the authorities upon this proposition, this is the more modern rule, and the one which we believe to be supported by the better logic. *Sulpho-Saline Bath Co. v. Allen*, 66 Neb. 295; *Campbell v. Missouri P. R. Co.*, 78 Neb. 479; 3 Am. & Eng. Ency. Law (2d ed.) 750; 5 Cyc. 217.

As to the assignment that the evidence is insufficient, we think there was sufficient to justify the submission to the jury of the questions whether the driver of the team was negligent in driving in a gullied, rough and washed-

out road at the place of the accident, when there were smooth tracks upon either side upon which others had traveled and upon which he might have driven, and whether the breaking of the horse's leg was caused by such negligence and by his manner of driving.

We find no reversible error in the record, and the judgment of the district court is

AFFIRMED.