SHIMAN BROTHERS & COMPANY, INC., APPELLANT, v. NEBRASKA NATIONAL HOTEL COMPANY ET AL., APPELLEES.

18 N. W. 2d 551

FILED MAY 4, 1945. No. 31854.

*Rosewater, Mecham, Shackelford & Stoehr,* for appellant.

*Gaines & Shoemaker,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is an action at law for damages in which the plaintiff seeks to recover judgment against the defendant as a bailee for hire. This action is predicated on the negligence

of defendant hotel company, its agents and servants, in caring for plaintiff's trunk containing jewelry of alleged value of $45,809.95 at the time the trunk was stolen. This is the second appearance of this case in this court. In a previous opinion the cause was remanded for a new trial on the question of negligence. See *Shiman Bros. & Co. v. Nebraska National Hotel Co.*, 143 Neb. 404, 9 N. W. 2d 807, hereinafter referred to as our former opinion.

The pleadings establish the following facts without dispute: The defendant is a corporation engaged in the hotel business in Omaha, Nebraska, for the purpose of furnishing food, lodging and services for the public. The plaintiff's salesman, Milton J. Jackson, hereinafter referred to as salesman, registered as a guest in the Hotel Paxton about 9:30 p. m., July 12, 1939, and was assigned to room 1127. On July 13, 1939, about 6 p. m., the salesman called the head porter, informing him he was checking out and that his trunk was to be sent to the Union Station at once. Another porter went to the salesman's room and, after delivering a claim check to him, took the trunk and its contents down to the first floor and put the trunk on a loading dock on the southwest corner of the hotel building.

The plaintiff's petition alleged, in addition to the foregoing admitted facts, the following in substance: That the loss of the trunk and contents was due solely to, and caused by, the carelessness and negligence of the defendant, its agents, servants and employees, in placing the trunk on the open platform in the alley at the rear of the hotel and leaving it wholly unattended and unguarded. The amended answer of the defendant denied negligence on its part, and for further answer alleged that the loss sustained by plaintiff, if any, was due solely and entirely to the negligence and carelessness of plaintiff's salesman. The reply denied the affirmative defense of contributory negligence pleaded in the amended answer.

The case was submitted to a jury and a verdict was returned in favor of the defendant. Plaintiff filed a motion for a new trial, which was argued and submitted. There-

after the court overruled the motion and plaintiff perfected its appeal to this court.

The plaintiff contends that the rule in Nebraska places the burden on a bailee for hire, to show that property entrusted to his care was lost without negligence on his part; that this court, in the former opinion, announced the correct rule to be: "Whether innkeepers are held liable as insurers of goods of their guests, or only for negligence, proof that goods of a guest have been lost or injured makes out a *prima facie* case of liability and casts on the innkeeper the burden of establishing such facts as will exonerate him."

In support of this contention the following Nebraska cases are cited: *Sulpho-Saline Bath Co. v. Allen*, 66 Neb. 295, 92 N. W. 354; *Campbell v. Missouri P. Ry. Co.*, 78 Neb. 479, 111 N. W. 126.

In the case of *Davis v. Taylor & Son*, 92 Neb. 769, 139 N. W. 687, the court said: "The only burden placed upon the bailee is that, when it is established that the property was injured while in his possession, he must overcome this presumption by his proofs." Citing *Sulpho-Saline Bath Co. v. Allen* and *Campbell v. Missouri P. Ry. Co.*, *supra*.

Plaintiff requested instruction No. 6, which placed the burden of proof on the defendant to prove by a preponderance of the evidence that the trunk and contents were not lost by reason of any negligence on the part of the defendant, its servants, agents or employees, and if the defendant hotel company had failed to prove by a preponderance of evidence that the trunk was not lost by reason of the negligence of the hotel company, its servants or employees, their verdict should be for the plaintiff. This requested instruction was refused, and plaintiff predicates error on the court's refusal to so instruct the jury. It will be observed that requested instruction No. 6 would shift the burden of proof to the defendant.

There is much confusion and misunderstanding with reference to the term "burden of proof" as distinguished from the burden of going forward with the evidence. This principle is discussed in *Moore v. Williams*, 111 Neb. 342, 196

N. W. 695, in the following language: " 'Confusion can, to a certain extent, be avoided, and apparent contradictions reconciled, by bearing in mind the distinction between 'burden of proof' and 'burden of evidence' to be hereinafter stated, and also the fact that in the vast majority of cases any such distinction is entirely ignored by the courts. The general rule is that the burden of proof rests upon the party who has the affirmative of the issue, as determined by the pleadings, * * * . This rule is founded upon the obvious purpose of facilitating justice by serving the convenience of the court; and as the rule as to burden of proof is a fixed rule of law, the burden never shifts from the party having the affirmative of the issue. The rule as to the burden of proof is important and indispensable in the administration of justice, and constitutes a substantial right of the party upon whose adversary the burden rests. It should therefore be jealously guarded and rigidly enforced by the courts. The test for determining which party has the affirmative, and therefore the burden of establishing a case, is found in the result of an inquiry as to which party would be successful if no evidence at all were given, the burden being of course on the adverse party.' 22 C. J. 67 *et seq.*" See, also, *Beckman v. Lincoln & N. W. Ry. Co.*, 79 Neb. 89, 112 N. W. 348; *Olson v. Omaha & C. B. Street Ry. Co.*, 137 Neb. 216, 289 N. W. 356; 20 Am. Jur., secs. 131 and 132, p. 134; 22 C. J., sec. 14, p. 68.

The case of *Kohlsaat v. Parkersburg & Marietta Sand Co.*, 4 Cir., 266 Fed. 283, reflects a clear conception of the principle: "There appears to be some confusion of thought and some conflict of authority, particularly in the earlier decisions, because of the double meaning of the phrase 'burden of proof'. Primarily it means the duty resting on one party or the other, usually the party having the affirmative, to establish by preponderance of evidence a proposition essential to the maintenance of the action. In this sense the burden of proof never shifts or changes, but remains from first to last where it is placed by the pleadings or the substantive law of the case. Sometimes, however, the phrase

is used to describe the duty of going forward with the evidence during the progress of the trial. The plaintiff may offer sufficient proof to make a *prima facie* case, or he may be aided by a presumption of law, which, if nothing further appeared, would entitle him to a verdict; and when this happens the burden of meeting the *prima facie* case devolves upon the defendant. Thus, the duty of 'going forward'—that is, the necessity of producing further evidence —may shift back and forth as the trial proceeds. But when all the proofs are in, and the case is ready for submission to the jury, the question of whose duty it was to go forward with the evidence at any turn of the trial practically disappears; and the more important question arises as to which party has the burden of establishing by the greater weight of evidence the proposition in dispute; * * * ." See, also, *Claflin v. Meyer*, 75 N. Y. 260, 31 Am. Rep. 467; *Hunter v. Ricke Bros.*, 127 Ia. 108, 102 N. W. 826; *Bohmont v. Moore*, 138 Neb. 784, 295 N. W. 419, 133 A. L. R. 270.

In *Bohmont v. Moore, supra,* this court quoted from a note in 43 L. R. A. n. s. at page 1172: "The following cases, although containing language which in itself might indicate that the court regarded the bailee as having the burden of proof to establish due care by a preponderance of the evidence, must be construed, in view of other decisions in the same state, simply as authority for the proposition that, in case of injury to or loss of the property, the burden of overcoming a presumption of negligence rests upon the bailee: * * * ." *Sulpho-Saline Bath Co. v. Allen, supra,* is cited therein.

Referring to our former opinion, page 415, the court concluded that the instant suit is predicated on the negligence of the defendant hotel company, its agents and servants, and on page 413 said: "Thus the burden of proving plaintiff's contributory negligence is on the innkeeper," and the case was remanded on the question of negligence.

In this state when a party alleges and charges negligence, the burden of proving negligence on the part of the defendant rests upon the plaintiff and never shifts to the defend-

ant in any stage of the case. *Olson v. Omaha & C. B. Street Ry. Co.*, 137 Neb. 216, 289 N. W. 356; *Mercer v. Omaha & C. B. Street Ry. Co.*, 108 Neb. 532, 188 N. W. 296; *Rapp v. Sarpy County*, 71 Neb. 382, 98 N. W. 1042, 102 N. W. 242; *Vertrees v. Gage County*, 75 Neb. 332, 106 N. W. 331; *Lincoln Traction Co. v. Webb*, 73 Neb. 136, 102 N. W. 258; *Bohmont v. Moore, supra.*

The bailment in the instant case is a bailment for hire, sometimes referred to as a reciprocal bailment, although no direct hire is paid for the bailment where it is a necessary incident of a business in which the bailee makes a profit. *Sulpho-Saline Bath Co. v. Allen, supra;* 6 Am. Jur., sec. 22, p. 150.

" 'When a bailment is reciprocally beneficial to both parties, the law requires ordinary diligence on the part of the bailee, and makes him responsible for negligence.' " *Nagaki v. Stockfleth*, 141 Neb. 676, 4 N. W. 2d 766, quoting from *Mattern v. McCarthy*, 73 Neb. 228, 102 N. W. 468, and citing *Sulpho-Saline Bath Co. v. Allen, Campbell v. Missouri P. Ry. Co.*, and *Davis v. Taylor & Son, supra.*

The court's instructions properly placed the burden of proof on negligence and contributory negligence, and the degree of care required of the defendant, and defined ordinary care. We conclude the court did not err, as contended for by plaintiff.

The plaintiff contends the court erred in not instructing the jury on the comparative negligence rule.

Section 25-1151, R. S. 1943, provides: "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all

questions of negligence and contributory negligence shall be for the jury."

It will be observed, the foregoing statutory provision is for the purpose of requiring the jury to compare negligence of the defendant with that of plaintiff in the mitigation of damages under the circumstances set forth therein.

In the instant case the defendant pleaded the affirmative defense of contributory negligence on the part of plaintiff's salesman. Under the instructions given by the court, before the defendant can avail itself of this defense it must prove by a preponderance of the evidence that the plaintiff's salesman was negligent, as the term is defined by the court's instructions. The definition of negligence given in the court's instructions is, in substance, as follows: "By negligence is meant the doing of some act under the circumstances, which a man of ordinary prudence would not have done, or the failure to do some act or take some precaution which a man of ordinary prudence would have done or taken."

In a case of bailment for hire, the guest's contributory negligence may bar his recovery. This may take place in his not using toward his merchandise, in the instant case jewelry valued at $45,000 contained in a wardrobe trunk, the ordinary care that a prudent man would reasonably be expected to have used. See VanZile, Bailments and Carriers (2d ed.) sec. 205, pp. 179, 180; Lawson on Bailments, riers (2d ed.), sec. 205, pp. 179, 180; Lawson on Bailments, sec. 80, p. 134.

In *Rubenstein v. Cruikshanks*, 54 Mich. 199, 19 N. W. 954, while this case was not one where notification to the bailee was necessary as to the extraordinary value or character of the goods contained in a valise and box, the case recognized that the rule was proper where the record would show the extraordinary value of goods or merchandise bailed, and where the failure to give notice would, or could, amount to contributory negligence on the part of the bailor.

In *Hadley v. Upshaw*, 27 Tex. 547, it is said: "An innkeeper will not be liable for the loss of the goods of his guest, if the loss was occasioned by the want on the part of

the guest of that ordinary care which a prudent man would be reasonably expected to take under all the circumstances of the case; and whether the guest has exercised such ordinary care, is always a question of fact for the jury." This rule was laid down by the Court of Queen's Bench in the case of *Cashill v. Wright,* 37 Eng. Law & Eq. Rep. 175; *Armistead v. White,* 6 Eng. Law & Eq. Rep. 349. See, also, *Fowler v. Dorlon,* 24 Barb. 384.

In *Read v. Amidon,* 41 Vt. 15, it is said: "A guest is not relieved from all responsibility in respect to his goods on entering an inn. He is bound to use reasonable care and prudence in respect to their safety, so as not to expose them to unnecessary danger of loss." See, also, *Stoll v. Judd Co.,* 106 Conn. 551, 138 A. 479, 53 A. L. R. 1042; Beale on Innkeepers and Hotels, sec. 223; 14 R. C. L., p. 534; 32 C. J. p. 546; *Elcox v. Hill,* 98 U. S. Rep. 218; *Purvis v. Coleman & Stetson,* 21 N. Y. 111.

The foregoing texts and cases establish the degree of care required of a bailor in bailing property, and the failure of the bailor to exercise such care may result in contributory negligence on the part of the bailor and bar recovery.

The evidence, in the instant case, of contributory negligence on the part of the plaintiff's salesman which is controverted, was his failure to inform or notify the defendant, its employees or agents, that the ordinary wardrobe trunk which he used in his business contained a valuable collection of jewelry of the extraordinary value of $45,000.

Whether or not a bailor has exercised ordinary care is usually a question for the jury. However, in the instant case contributory negligence constitutes the only affirmative defense, and the only evidence of contributory negligence is the failure of plaintiff's agent to disclose the extraordinary value of the property bailed. This question was submitted to the jury which found, if it was decided on the question of contributory negligence, that such information was not disclosed. The jury having so found, the plaintiff is barred from recovery as a matter of law, because of its own contributory negligence which obviously is more than

slight negligence. Consequently, the trial court did not err prejudicially in failing to give an instruction on comparative negligence.

Plaintiff assigns as error the failure of the court to define proximate cause, in that the court refused an offered instruction on the subject of proximate cause, which was put in issue by the pleadings and the evidence; that under the Nebraska law the only negligence that could be charged to the plaintiff would be negligence which proximately contributed to the loss. The jury was given an instruction on negligence and on contributory negligence, but was not instructed that the contributory negligence of the plaintiff, if any they found, must have proximately contributed to cause the loss. Plaintiff argues: It is vital in this case to have an instruction on proximate cause, in view of the fact that defendant was allowed to offer in evidence facts which occurred over a month before the loss and could not have proximately contributed to cause the loss.

In addition to the offered instruction on proximate cause, plaintiff offered an instruction on the effect of evidence prior to the time of the loss, which was refused. We have reviewed the extended cross-examination of plaintiff's salesman, unobjected to, touching upon his activities throughout the trip. This evidence, in the main, went to the question of his veracity and his memory as to what really and actually occurred on the trip. In any event, the instructions given by the court limited the question of negligence to the handling of the trunk in Omaha. We conclude that the rule announced in *Oliver v. Nelson*, 128 Neb. 160, 258 N. W. 69, disposes of this assignment of error, viz.: "In an action for damages for negligence, an instruction that plaintiff must establish by the greater weight of the evidence that the negligence of the defendant caused the accident and the damage is sufficient relative to proximate cause, where there is no question of a remote or intervening cause."

The above rule was followed in *Triplett v. Lundeen*, 132 Neb. 434, 272 N. W. 307, and cited therein. In the body of the opinion, page 439, it is said: " * * * it is not indispens-

able that the term 'proximate cause' should be used. It is sufficient if it appears that defendants' negligence was the sole cause, or the efficient cause, or was the direct cause. In the instructions we think it clearly appears that the expression, that plaintiff's injury and damage were caused by the negligence of defendants, is equivalent to saying the defendants' negligence was the efficient or direct cause * * * ."

In the instant case there is no question of a remote or intervening cause.

The plaintiff contends that in paragraph 7 of the syllabus of our former opinion this court said: "A statute limiting the common-law liability of an innkeeper as an insurer has no application where the loss occurs after a guest has begun his departure from the hotel and has delivered his baggage to a hotel porter for delivery to a transportation company." From this, it is urged that the common law is in force in this state, that at common law an innkeeper is an insurer of the goods of his guests, and the only rule that can apply with reference to the instant case is that of the common law.

The plaintiff's petition alleged that the loss of the trunk and contents was solely due to and caused by the carelessness and negligence of the defendant. It is apparent that plaintiff bases its cause of action solely upon the negligence of the defendant. In the former opinion this court held: "We conclude therefore that the present suit is predicated on the negligence of the hotel company, its agents and servants, and that the statute modifying the common-law liability of the hotel company as an insurer has no application." The plaintiff's contention is without merit.

The plaintiff contends that the court failed to properly instruct the jury as to the proper basis on which damages are to be estimated, and the jury is entitled to be informed as to the elements of damage which they should take into consideration in arriving at their verdict. On this subject the plaintiff requested instructions defining the term "reasonable market value" and that the measure of damages was the reasonable value of the jewelry lost by the defendant on the market in Omaha on July 13, 1939, when it was

stolen, plus interest at six per cent per annum from July 14, 1939. The offered instructions were technically correct.

The court, in instruction No. 4, used the following language: " * * * then your verdict will be in favor of the plaintiff in whatever sum you may find was the reasonable market value of the merchandise alleged to have been taken from the trunk." The reasonable market value of the merchandise could only be at the place where it was stolen.

While the instruction on this subject given by the court is not as complete as the instructions requested by the plaintiff, it forms a basis of recovery that is proper in the event the defendant is liable. However, the case was terminated on liability, the jury finding for the defendant. The failure to give the requested instructions does not constitute reversible error under the circumstances.

Plaintiff contends the court erred in giving instructions Nos. 1 and 2 by copying the pleadings and where evidence is undisputed or admitted by the defendant, the court should instruct only on issues actually supported by evidence; that such practice has been condemned many times by this court, citing cases. We are not in accord with the plaintiff that the court actually copied the pleadings, and instruction No. 2 sets forth certain facts admitted by the defendant. Obviously the jury were not misled. These instructions merely set forth the contentions of the respective parties, and are not instructions on the law of the case. We find no prejudicial error in such respect.

Our attention is directed to certain language appearing in the last paragraph of instruction No. 2, "in not availing himself of the hotel's provisions for taking care of the trunk," in that such language submits to the jury the defense of the statute limiting liability of the defendant, which the court in the former opinion barred as a defense and defendant's answer contained no such allegation. In considering all the instructions together, especially with reference to the burden of proof on negligence and the degree of care required on behalf of the defendant, we conclude the language used in instruction No. 2, under the circumstances, is not prejudicially erroneous.

"Where instructions as a whole correctly state the law applicable to the controverted issues, the verdict of the jury, if supported by sufficient evidence, will not be set aside because particular instructions considered separately contain mere informalities or omissions which are not misleading or confusing." *Gorman v. Bratka,* 139 Neb. 84, 296 N. W. 456.

The plaintiff predicated error in that the court submitted the issue of contributory negligence to the jury where there is no evidence of contributory negligence on plaintiff's part.

The plaintiff argues the record discloses that the defendant's witness, the porter, took possession of the trunk, giving the salesman a claim check, and was informed that it contained valuable jewelry and to be sure and keep the trunk in a place of safekeeping until such time as the transportation company called for it; that the porter was informed on the previous day that the salesman desired a sample carrier which the porter did obtain for him. However, regardless, the porter placed the trunk unguarded on a loading platform exposed to the alley and the public outside of the hotel. The plaintiff states the porter is the only person who actually knew what happened to the trunk. However, the record further discloses that under the plaintiff's testimony the trunk contained over $45,000 worth of jewelry which remained in possession of the salesman until about 6 o'clock p. m. July 13, 1939, when it was turned over to the porter to be sent out on the 11 o'clock p. m. train. There is no evidence to show that the porter or the defendant hotel company knew, or could have known, that the trunk contained jewelry of the value of $45,000 or more. The evidence is controverted as to whether or not the salesman told the porter the trunk contained valuable jewelry and to keep it in a place of safety until such time as the transportation company called for it. The porter denied he was ever so informed, and another witness who returned some clothes the salesman had left to be cleaned and pressed, was in the room with the salesman and the porter at the time the conversation was alleged to have taken place, and corroborated the porter's testimony.

The trunk was an ordinary wardrobe trunk containing jewelry of the alleged value of $45,000 or more, turned over to a stranger, knowing that the transportation company would not call for the trunk for thirty to forty-five minutes, without disclosing its value. The trunk was at all times checked as baggage by the salesman on the railroad tickets, without his revealing or declaring that it contained a valuable collection of jewelry. Transportation of the trunk between railroad stations and hotels on the entire trip, was by taxicabs or by local baggage carriers, without notice of the value of the contents.

In this connection, 1 Elliott, Evidence, sec. 144, p. 199, it is said, "As a general proposition, therefore, it may be said that any evidence that tends in any reasonable degree to establish the probability or improbability of a fact in issue, no matter how slight its weight may be, is revelant. * * * It is not necessary, however, that it should in itself bear directly upon the point in issue, for if it is but a link in the chain of evidence tending to prove the issue by reasonable inference it may nevertheless be relevant. Indeed, evidence which tends to make the testimony of witnesses probable or improbable may sometimes be competent." See *In re Estate of House*, 145 Neb. 670, 17 N. W. 2d 883.

In VanZile, Bailments and Carriers (2d ed.), sec. 42, p. 35, it is said: " 'What constitutes ordinary diligence,' says Judge Story, 'may always be materially affected by the nature * * * and value of the articles.' " In the same work, p. 36, note 14, the following is quoted from *Erie Bank v. Smith*, 3 Brewster (Pa.) 9: " 'This is very important; a man would not be expected to take the same care * * * of a bale of cotton as of a case of diamonds; * * * .' " See, also, Story on Bailments, sec. 15. The evidence on contributory negligence is such that the court did not err in submitting the defense to the jury.

The plaintiff contends the defendant sought to establish a defense which was invalid by laying a foundation for the introduction of the innkeepers statute to which the plaintiff objected. However, when the exhibit was offered it

was excluded from the jury's consideration. We conclude the court did not err as contended for by plaintiff.

Other assignments of error are found to be without merit.

For the reasons given in this opinion, the judgment of the trial court. is affirmed.