Spalding, J.
The only question presented for our consid eration is, whether the suit was properly brought against Yan-Arman and Hopkins as joint contractors.
A majority of the court regard the question as settled by repeated adjudications in our own state.
In Bright v. Carpenter & Schuer, 9 Ohio Rep. 139, it was-held that “ when a stranger to a promissory note indorses it in blank at the time of making it, the payee of the note may sue him with the maker as a joint maker of the note ; but if a person not a party give his name to a note already existing, his-engagement is collateral only, and he is to be held as guarantor.”
In Stage v. Olds et al., 12 Ohio 158, which was an action of covenant upon a writing obligatory, signed by E. B. Olds as: principal, and the other defendants, under a clause which reads —“ We hereby bind ourselves as security for said Olds, for the full and faithful performance of the above agreement” — both dates the same — the court held, that “ when several persons execute an instrument in parol or under seal, upon the *338 same consideration, at the same time and for the same purpose, and taking effect from a single delivery, they are, in legal effect, joint contractors or obligors.”
In Leonard v. Sweetzer, 16 Ohio 1, it was ruled that “ a guaranty of the fulfillment of a contract, written below the contract and executed at the same time, subjects the guarantor as an original contractor, and a suit may be entertained against both parties jointly, or against either severally.”
In the case last cited, the action was brought upon the following instrument:
“ For value received, I, Welcome Martin, agree $nd bind myself to pay the half of a certain judgment in Knox county, in favor of the Clinton Bank of Columbus, against Joseph Leonard, Wm. Leonard, George Leonard and Robert T. Hickman, of about eight hundred and sixty dollars, more or less, and save said Joseph harmless from all costs.
“ Dec! 18,1837. (Signed) WELCOME MARTIN.”
“ I guarantee the fulfillment of the above contract.
“ Bee. 13,1837. (Signed) CHARLES SWEETZER.”
It will be seen that the guaranty in the case under consideration differs from the one in Leonard v. Sweetzer, in the words “within” and “above,” and this difference arises from the location of the guaranty, in the one case upon the back, and in' the other upon the face of the main instrument, and beneath the signature of Martin.
It is true, that in the one case, the guaranty was attached to an agreement to satisfy the one half of a certain judgment, and to save one of the judgment debtors harmless from costs; and in the other, to a contract for the delivery, to payee or bearer, of a certain number of brass clocks, to be delivered on the opening of navigation.
In both instances, however, the instruments were executed by principals and sureties “ upon the same consideration, at the same time, for the same purpose, and took effect from a single delivery.”
*339 It seems to a majority of our number, that there is no difference in principle between the two cases.
The judgment of the court on the circuit is, therefore, reversed.