Boynton, J.
I dissent from the judgment of the court. The construction given to the statute, in my judgment, violates both its letter and its spirit. It violates its letter in disregarding the plain meaning of the language which declares that in all actions brought under its provisions, the offending' party shall be liable “for all damages sustained, as well as exemplary damages.” That it violates its spirit, is clearly mauifest from an examination of its various provisions, and their consideration in the light of the evils sought to be avoided by their enactment.
By section 6 (S. & C. 1432), it is provided that every person, who, by the illegal sale of intoxicating liquor, shall cause the intoxication of any other person, such person shall be liable for and compelled to pay a reasonable compensation to any person who may take charge of and provide for such intoxicated person, and one dollar a day in addition thereto; and this liability covers the period the person intoxicated is kept in consequence of such intoxication.
*366 By section 7, as amended in 1870 (67 Ohio L. 102), the civil liability attaches where the liquor unlawfully sold causes the intoxication only in part.
By section 10, amended by the same act, the exemptions of property, from levy and sale, both real and personal, provided for by the “ act to exempt the homestead of families from forced sale on execution to pay debts ” (S. & 0. 1145 ; G6 Ohio L. 48 ; 68 Ohio L. 106), are expressly withheld and disallowed, and all the estate of the debtor, except a few specified articles of personalty,'is liable for the payment of the judgment. Neither a homestead nor any property in lieu thereof is exempt from levy or sale to satisfy any judgment rendered under the statute.
These provisions clearly indicate a purpose on the part of the legislature to require the seller, and the owner of the premises when liable, to make full and adequate compensation in damages, to the par’ty injured through their violation of the statute. In full accord with this purpose, and to carry, the same into effect, this court held in Schneidar v. Hosier, 21 Ohio St. 98, that in all actions under said section (7), in which the plaintiff shows a right to recover damages actually sustained, the jury may also assess exemplary damages without proof of actual’malice or other special circumstances of aggravation. ’
This holding was soon followed by Mulford v. Clewell, Ib. 191, in which it was held, that “ means of support relate to the future as well as to the present. It is enough if she (the wife) show that the sources of her future support have been cut off, or diminished below what is reasonable and competent for a person in her station in life. . . . The health of the husband and his ability to labor are often, to a greater or less extent, the means of the wife’s support. In many cases to destroy these is to destroy her means of support. To take away the husband’s power to accumulate means of future support for his wife, is, within the meaning of-the law, to injure her in her means of support.”
It is now said, in the face of these provisions and of this ruling, and notwithstanding the emphatic language of the *367 statute that makes the seller liable for all damages sustained through his wrongful act, that inasmuch as the husband lost his life in consequence of the intoxication no recovery can be had. The very fiagrancy of the seller’s act, judged by the light of the consequences that resulted from it, is made to shield him from liability. The ai’gument in support of this position is founded on the assumption, that had the legislature intended a liability to arise where the unlawful sale resulted in death, it would have expressed such intention in terms more, unmistakable than those employed ; and on the further assumption that the act of March 25, 1851 (S. & C. 1139), giving a right of action where death has resulted from the wrongful act, neglect, or default of another, affords, and was intended to afford, the only remedy provided for all cases where death ensues. The answer to these positions is decisive against their validity.
It is a rule of interpretation universally accepted, that in giving a construction to a statute the court will consider its policy and the mischief to be remedied, and give it such an interpretation as appears best calculated to advance its object by effectuating the design of the legislature. Wilber v. Paine, 1 Ohio, 255. It is equally well settled that where the legislature has employed explicit and unambiguous terms to express its purpose and object, the ordinary meaning of such terms is to be adopted. Gardner v. Collins, 2 Peters, 93.
In Brower v. Hunt, 18 Ohio St. 341, it wms said, adopting the language of Story, J., in Gardner v. Collins, that, “what the legislative intention was can be derived only from the words they have used, and we can not speculate beyond the reasonable import of their words. The spirit of the act must be extracted from the words of the act, and not from conjectures, aliunde.”
It is not doubted that cases frequently arise, where, to give effect to the manifest intention of the legislature, it becomes the duty of the court to modify, restrict, or enlarge the common or ordinary meaning of the language employed. This duty arises when it is made to appear, that, to give effect to the *368 ordinary meaning of the language used, will not carry into> operation the legislative will. But a departure from the .rule requiring an adherence to the ordinary signification of the terms employed, can only be justified where it becomes necessary to restrain or enlarge such meaning in order to carry out the manifest design of .the statute.
“Where tjhe intention of the. legislature is doubtful, the literal and obvious • interpretation of the terms of the. statute ought to be adhered to.” Burgett’s Adm’rs v. Burgett, 1 Ohio, 469. In Corwin’s Lessee v. Benham, 2 Ohio St. 43, it was said by Ranney, J., “ that the usual import of words is. sometimes to be restricted, where it would otherwise extend beyond the subject-matter and spirit of the whole enactment. But this can not be done because the legisláture did not foresee or contemplate every case upon which it might operate. The wisest legislators would fall far short of such foresight. If within the language,it must appear clearly to the court that the ease would have been excluded if foreseen.” And in Woodbury v. Berry, 18 Ohio St. 456, in language equally clear and emphatic, it is declared that, “where the words of a statute'are plain, explicit, and unequivocal, a court is not warranted in. departing from their obvious meaning, although from considerations arising from language outside of the statute, it may be convinced.that the legislature intended to enact something different from what it did enact.” In the present case, the right of Mrs. Justice to recover all damages she sustained by the wrongful act of the plaintiff in error, whether such act- caused the death of her husband or not, is not only clearly given by the language employed, but such language, in its ordinary meaning, is clearly expressive of the design Of the legislature, and is in complete and perfect harmony with the spirit aud policy of the statute.
The correctness'of this interpretation is not at all affected by the act of 1851.. That act affords no relief, and was intended to furnish none in this' class of actions. To have amended that act, so as to embrace actions of this kind, •would have been an innovation upon its policy, and a de *369 parture from the principles upon -which it is founded. It: is indispensable to the right to recover under that act, that the deceased himself should have been free from fault contributing to his injury. The act, neglect, or default must, have been such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages iu respect thereof. (S. & C. 1140.) A moment’s reflection, will satisfy the mind that no recovery could be had in such case for an injury resulting from an illegal sale of int-oxicating'liquor.
A person injured while in a state of intoxication voluntarily assumed, will not be permitted in a court of justice-to recover damages for an injury that his own voluntary-act brought upon him. And where he could not recover, no liability arises. There is, therefore, no foundation for the argument, that, if a recovery could be had under the act of 1854, as amended in 1870, there would be two statutory rights of action for the same cause.
But even if this were so, it would not justify the conclusion claimed.- The 7th sectiou of the act of 1854, as amended in 1870, gives several rights of action for the same cause.. The wife and each child, if severally injured in their person, property, or means of support, by the. intoxication caused by the seller, may maintain several actions for the-same unlawful act. If a person while intoxicated injures, fifty men, each of them may maintain an act against the person whose unlawful sale of liquor caused the intoxication. In such case the statute makes the seller a joint, wrong-doer, as much so as if he were present aiding and. abetting the unlawful act of the person intoxicated.
The argument of counsel for the plaintiff and the judgment of the court seem to be founded on the mistaken notion that the action is brought to recover damages for the death of the husband. Such is not the case. The-wrongful act which constitutes the ground of the action, is the illegal sale of the liquor causing the intoxication from, which the injury results. The death of the husband only *370 affects the measure of damages. It destroys his ability to labor, and thereby diminishes the wife’s means of support. If the husband had lost both his arms or legs, or become permanently insane, in consequence of the intoxication, or had otherwise become permanently disabled, to perform physical labor, and had survived, the result to the wife would have been precisely the same. Her injury, in either case, would consist in the deprivation of the means of support resulting from the loss of her husband’s ability to labor. There is not the slightest foundation in reason or justice for an intention upon the part of the legislature to .authorize a recovery for au illegal sale causing intoxication resulting in injury, where death does not follow, and to refuse damages where death results. Indeed, there is much more reason to award damages for the injury in the latter ■case than, in the former. That the legislature intended to authorize a recovery in the one case and notin the other is an assumption not only not warranted by, but in clear contravention of the express provisions of the statute. The argument ■that the wife has lost nothing, because a dead man can not labor, proves nothing. Neither can a man labor that has lost his limbs. Moreover, it would be strange, indeed, if he ■whose unlawful act caused the death of another, could urge the fact in defense, that the circumstance of death destroyed .all ability to labor, and consequently operated to exempt hirn from a liability otherwise existing.
The reason that, at common law, no recovery could be had for death caused by a wrongful act, did not, as stated, .grow out of any difficulty in ascertaining the amount that ought to be recovered. It rested upon the ground that the ■act producing death was a felony which merged the civil liability. That this was the reason why the common law recognized no liability where death thus resulted, is clearly ■shown by the authorities. Howk v. Minnick, 19 Ohio St. 462; Boston and Worcester Ry. v. Dana, 1 Gray, 96; Higgins v. Butcher, Yelv. 89; White v. Pettigue, 13 M. & W. 603; 1 Chitty Cr. Law, 5; 12 East, 413.
This reason does not prevail with us,- nor in many, if *371 any, of the American states. But it matters little, one ■way or the other, what the common law rule may be, or upon what foundation it rests, the statute under which the action below was brought declares the party injured entitled to all damages sustained, as well as exemplary, which result from the illegal act of the seller, and very clearly, in my judgment, embraces all those that follow from the intoxication, whether death supervenes or not. The judgment ought to be affirmed.