White, C. J.
The plaintiff in error seeks to derive title to the premises, under the statute of descents, as the legal representative of his deceased wife, the daughter of the intestate.
The wife never had any interest or estate in the premises. She died during her father’s lifetime, in 1857. The descent was not cast until her father’s death, -which occurred in 1874. '
The statute provides that it is only on failure of children or their legal representatives that the estate shall pass to and vest in the surviving husband or wife of the intestate. (S. & S. 304, 305.)
. The plaintiff’s construction of the statute leads to the following results:.
1. If his wife had survived her father, she would have inherited the premises in fee simple, and on her death without issue, the plaintiff, as surviving husband, would have taken only a life estate, the fee under the existing state of. facts passing to and vesting in the defendants. But under.the claim of the plaintiff, the fact that his wife *645 predeceased her father, has the effect, under the statute, of investing him with the whole estate in fee simple.
2. If the wife of the intestate had survived him, and the daughter had died unmarried, as the estate came to the intestate by purchase, it would have passed to and vested in the wife of the intestate in fee simple. But if the claim of the plaintiff is correct, the fact of his marriage to the daughter defeats the estate to the mother, and vests it in him as surviving husband of the daughter. Thus the rights growing out' of a marriage to the child are placed on a higher footing, under the statute, than those growing out of the marriage to the intestate.
A construction of the statute which leads to such results can not be correct.
' But the decisive answer to the claim of the plaintiff is, that the provision in the statute in favor of the surviving husband or wife is special and exceptional in its nature. Brower v. Hunt, 18 Ohio St. 341.
The provision only applies where the intestate husband or wife dies seized of the estate, which was not the ease in the present instance. And whether the estate be ancestral or non-ancestral, the surviving husband or wife, as already remarked, can only take where the intestate left no children or their legal representatives. Hence the statute clearly distinguishes between the legal representatives of a child and the husband or wife of such child, and provides that the estate shall pass to the husband or wife only on failure of legal representatives.
The plaintiff, therefore, is not, within the meaning of the statute, the legal representative of his deceased wife; and on her father’s death, no part of his estate descended to the plaintiff.

Leave refused.