Okey, J.
That it would have been essential, previous to the passage of the code of criminal procedure, to have alleged, in an indictment for an offense like this, that the *81 company was incorporated, is a proposition sustained by the authorities cited by counsel for the plaintiff in error,, and by others. People v. Schwartz, 32 Cal. 160; State v. Mead, 27 Vt. 722; Jones v. The State, 5 Sneed, 346. And see Roscoe’s Cr. Ev. (7th Am. ed.) 662; Reg. v. West, 1 A. & E. (N. S.), 826; Rey. v. Frankland, Leigh & Cave’s C. C. 276. But, as applied to corporations like this, the opposite-view seems to be quite as well supported. In addition to-the authorities cited by counsel representing the state, the-following are referred to. Fisher v. The State, 40 N. J. (L.), 169 (1878) ; The State v. Van Hart, 2 Harrison, 327; Lithgow v. Com., 2 Va. Cas. 297; People v. McCloskey, 5 Parker’s C. C. 57; Ib. 334; 2 Wharton’s Cr. L. 1489; 1 Wharton’sEv. §§ 294, 317; 11 Ohio, 280; 1 Ohio Railroad Com. Rep. 337-349. It is unnecessary to determine in this conflict of cases — apparently irreconcilable — precisely what the rule-was under the former practice.
A great' advance has been made in the laws relating to-crimes, punishments, and criminal procedure. The fact is-unquestioned that there was a time when felonies, which at common law -were few in number, embraced, by parliamentary enactments, more than two hundred offenses;, when-acts were punishable with death, which, if committed in this state, at this day, would not be-punishable at all;, when one charged with felony was not permitted to have a, copy of, or even to examine the indictment, to call witnesses in his defense, or to have the assistance of counsel;. when no instance could be found in which a jury, in a criminal ease, had failed to render a verdict on the same day it was impaneled; when jurors were fined for refusing to return a verdict of guilty; when the ordinary course was to sentence-as soon as a verdict of guilty was rendered, and cause the accused to be executed on the following morning. It is not strange that in such.a state of the criminal law, humane judges, infavorem vitce, would determine cases upon technicalities which at this day would be regarded as frivolous. But all this is changed. Now, the tendency is, on the one hand» *82 to disregard that which is merely formal and technical; on the other, to preserve, in every stage of the case, all matters of substance, and afford the accused a trial as full, fair, and impartial as can reasonably be desired, with the presumption of innocence effectual for his protection, until his guilt is proved beyond reasonable doubt.
In harmony with this reformation is our code of criminal ■procedure, which is to be construed not strictly in all its parts, but according to its manifest spirit. It contains this provision: “No indictment shall be deemed invalid, nor ¡shall the trial, judgment, or other proceedings be stayed, .arrested, or in any manner affected,” for any “ defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.” 66 v. .801, sec. 90; 74 v. 334. In holding that by force of it, this .defect, if it be a defect, is one of which Burke could not avail himself, we think a proper construction is given to •the statute.
There was no error in the charge of the court, that the ■corporate character of the party injured might be proved by reputation, and that it was only necessary to show a corporation de facto. Calkins v. The State, 18 Ohio St. 336, and cases there cited.

Judgment affirmed.