O’Hara, J.
The principal error relied upon by plaintiff in error, and which presents a question of some importance, is raised with reference to the charge of the court. The court charged the jury, in substance, that proof that plaintiff was a guest of the hotel at the time of the loss, that he had been accepted as such and had duly left the property above described in his room in the hotel, and that it was taken therefrom without his knowledge or consent, would establish a prima facie case and put the defendant upon its proof. This is claimed to be erroneous, in that the charge did not require affirmative proof by plaintiff of negligence on the part of the defendant, which it is claimed was required by Section 4427a, Revised Statutes, then in force, now Section 5983, General Code. That section, which was originally passed April 27, 1896 (92 O. L., 322), reads as follows: “The liability of the keeper of any inn, whether individual, partnership, or corporation, for loss of or injury to personal property placed by his guests under his care, other than that described in the preceding section, shall be that of a depositary for hire; provided, however, that in no case, shall such liability exceed the sum of one hundred and fifty dollars for each trunk and its contents, *133 fifty dollars for each valise and its contents, and ten dollars for each box, bundle or package, and contents, so placed under his care, unless he shall have consented in writing with such guest to assume a greater liability.”
It is claimed on behalf of plaintiff in error that, by the enactment of the above section of the statutes, the common law liability of an innkeeper was changed from that of practically an insurer of the goods of his guest to that of a depositary for hire; and also, by necessary intendment, that affirmative proof of negligence on the part of the innkeeper is required under the statute before he can be held liable, because a depositary for hire is bound to exercise ordinary care only, and is responsible only for his neglect so to do.
The question raised is one of general interest, and affects the entire traveling public as well as the many hotels throughout the state. Numerous statutes have been passed in the various states upon this subject, but nevertheless there are few, if any, decisions that bear directly upon the proposition here presented.
In order to arrive at a proper solution of the question, it is necessary to consider the nature of the relation of an innkeeper to his guests, and his duties and responsibilities as fixed by the common law. In his interesting work on this subject, Professor Beale has given a brief history of the development of inns, and he draws the conclusion, that from the earliest times the fundamental characteristic of an inn has been its public nature. Beale on Innkeepers, Section 11. The *134 meagre facilities for travel, and the unsettled condition of the country in medieval England, resulted in the adoption of a very strict responsibility on the part of innkeepers to the public, and what is known as the common law rule of liability was adopted. This has been stated in various ways, but as commonly accepted, it is, in substance, that an innkeeper is liable for the goods of the guest lost in the inn, unless the loss has been caused by act of God, or of a public enemy, or by fault of the owner. Beale on Innkeepers, Section 185. 22 Cyc., 1081. And the rule of the common law has always been recognized by this court as in force in this state. Gast v. Gooding, 7 W. L. J., 234, 1 Dec. Re., 315; Fuller v. Coats, 18 Ohio St., 343, at pages 349 and 350.
The public character of the innkeeper’s relation is further shown by the statutes of Ohio, which provide that all persons within the jurisdiction of the state shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, restaurants, eating houses, and other places of public accommodation and amusement; and a denial of these rights to any citizen by any person is made a misdemeanor punishable by fine and imprisonment. Sections 4426-1, 4426-2, Revised Statutes, now Sections 12940, 12941, General Code..
It seems to be universally settled, however, that no matter what view is taken as to the degree of responsibility of the innkeeper under the common law rule, upon loss or injury to the goods of a guest being shown, the innkeeper is prima facie *135 liable and the burden is upon him to establish such facts as will exonerate him. Beale on Innkeepers, Section 190. 22 Cyc., 1082.
The foregoing is conceded by counsel for plaintiff in error, but he claims that the common law rule in this state was materially modified by the passage of the act of March 3, 1860 (57 O. L., 15), which subsequently became Section 4427, Revised Statutes, now Sections 5981, 5982, General Code, and also by the act of April 27, 1896, above referred to, being Section 4427a, Revised Statutes, General Code, Section 5983. The former statute makes provision for the custody of money, bank notes, jewelry, negotiable papers, and other valuables, and limits the liability of an innkeeper therefor, under certain conditions. We are not concerned with this section of the statutes at the present time, however, but are confined to a consideration of the meaning and scope of the latter section, 4427a, which covers personal property placed under the care of an innkeeper by his guests, other than that described in the preceding section.
Although the petition was evidently drawn with reference to Section 4427a, and the court charged the jury upon the theory that the case was governed thereby, counsel for defendant in error now claim in their brief that the statute has no application to the facts herein. It is contended that this section was not intended to apply to personal property of -the guest other than money, jewelry, etc., left by him in his sleeping room, but only to such as are directly placed in the care of the *136 innkeeper, that is, to be kept in his check room or storage room. This question was very briefly presented on behalf of defendant in error, and was not discussed in the brief for plaintiff in error, although its counsel urged upon the court at oral argument that a judicial construction of this statute is greatly desired, the rights of hotel-keepers and guests thereunder being matters of much public interest and concern.
We have accordingdy given the question some consideration, and are inclined toward the opinion that there is force in the contention of defendant in error. Section 4427a was originally enacted on April 27, 1896 (92 O. L., 322), as “supplemental” to Section 4427, which was then amended and re-enacted, and both were made parts of what was designated “An act to amend and supplement Section 4427 of the Revised Statutes of Ohio.” The supplemental section expressly refers to the other, and they seem to be component parts of one plan or purpose, which is to provide a limitation upon the amount of the liability of the innkeeper for the property of every sort or description of his guest, that may or should be directly placed in his charge. This is clear as to the original section with reference to money, jewelry and other valuables, and the language used in the supplemental section indicates that the property referred to is to be presented in the convenient and usual form of either a trunk, valise, box, bundle or package, for checking or storage in a place specially adapted and devoted to that purpose; and for each trunk, valise, *137 etc., and contents, an amount is fixed as the maximum liability of the innkeeper, which would seem to be fair and reasonable, as the innkeeper is not in a position to know the contents, and would not be warranted in opening every trunk, valise and package, to find out. This reasoning does not apply to the apparel and effects of guests kept in their rooms, nor agree with the general custom and usage of guests in that regard.
However this question is not necessary to a decision of the case before us, from the view we have taken of the main question presented by the record. That involves the charge of the court as to what facts were necessary for the guest to establish to make out a prima facie case, among which negligence on the part of the innkeeper was not included; and if the law was correctly stated in that regard, even upon the theory that the statute was applicable, we need go no further.
We come then to a consideration of Section 4427a, and proceed to ascertain the meaning and effect of that portion which declares the liability of the innkeeper, under the conditions set out therein, to be that of a depositary for hire. It is argued on behalf of plaintiff in error, that a depositary for hire is bound to exercise only ordinary care, and that he is therefore liable only for his failure so to do. It is further claimed to follow in natural sequence, that the burden is upon the guest to establish this want of ordinary care, in the same manner and to the same extent as in other cases where negligence is made the basis of a claim for damages. The rule of the common *138 law and its recognition and adoption in this state as hereinbefore set out, being conceded, we shall consider the claim of plaintiff in error that it has been modified and restricted by the statute in question, in the light of well settled principles.
One of the established doctrines in the construction of statutes is, that those which are in derogation of the common law are to be strictly construed. Dwarris on Statutes, pages 145, 185; 2 Lewis' Sutherland Stat. Con. (2 ed.), Sections 454, 573; Endlich on Interpr. of Stat., Section 127. The rule is .clearly and positively stated by this court in the recent case of State, ex rel. Morris, v. Sullivan, 81 Ohio St., 79: “Statutes are to be read and construed in the light of and with reference to the rules and principles of the common law in force at the time of their enactment, and in giving construction to a statute the legislature will not be presumed or held, to have intended a repeal of the settled rules of the common law unless the language employed by it clearly expresses or imports such intention.” And statutes such as the one now under consideration, which regulate the innkeeper's liability and provide means for his protection, are held to be in derogation of the common law, and are therefore to be strictly construed. 22 Cyc., 1086.
We may assume for the sake of argument, as contended on behalf of plaintiff in error, that it was the purpose of the statute to limit the liability of the innkeeper, designated therein as that of a depositary for hire, to the failure on his part to exercise ordinary care, although the statute itself *139 does not say so, nor does it give any definition of the term “depositary for hire.” Further, there seems to be nothing elsewhere in the statute or common law of this state that meets the situation, and no authority whatever is cited by counsel for plaintiff in error upon this phase of the subject.
Upon investigation we have found that several of the states have statutes, which describe depositaries for hire as persons with whom goods are left on storage for a consideration, and which define the extent of their duties for the preservation of the property stored, as the exercise of at least ordinary care.
On further examination, we have found that in more than two-thirds of the states of the Union, laws have been passed regulating the liability of innkeepers for the property of their guests, and with few exceptions they have practically preserved the common law rule with reference to ordinary baggage and wearing apparel. Only two of the states, viz., California and Michigan, have statutes similar to that of Ohio. Georgia has a statute declaring an innkeeper to be a depositary for hire, but it also provides that he is bound to extraordinary diligence in preserving the property of his guests, and that in case of loss, presumption of the want of proper diligence on his part arises. The statutes of North Carolina make the innkeeper liable for negligence, but also provide that the proof of loss of the baggage of his guests, except in case of damage or destruction by fire, shall be prima facie evidence of negligence on his part.
*140 Without going further into detail, it may safely be said, therefore, that very few states have enacted laws changing the common law liability of innkeepers, so far as the ordinary baggage and wearing apparel of their guests are concerned. However, there seems to be a dearth of decisions under the statutes above referred to, bearing directly upon the question under consideration.
The term “ordinary care” is of a flexible nature, and adapts itself to the particular circumstances under which it is to be applied. It depends upon the relation existing between the parties in interest, as well as the business in which they may be engaged, and varies with the peculiar phase of every situation. As frequently stated, conduct which would be ordinary care in one condition of affairs, might be considered gross negligence in another. C. C. & C. R. R. Co. v. Terry, 8 Ohio St., 570, 581; Grand Trunk Ry. Co. v. Ives, 144 U. S., 408, 417; 6 Words and Phrases, 5035 et seq. The reasons that led up to the adoption of the string-ent common law rule for the protection of the traveling public in earlier times, are not altogether wanting- in principle at the present day. There is as much occasion for travel now as then, and in fact the amount of travel is immeasurably greater to-day than many years ago. It is also as necessary for the traveling- public of the present to receive food and shelter, and protection for such personal effects as their needs and comforts may require, as it ever was. While such protection may be pro *141 vided to a certain extent by laws with reference to the custody of the money, jewelry and other valuables of guests, nevertheless they are practically as helpless to protect themselves from the loss of their personal effects as ever. These are necessarily left in their rooms when they are out of the hotel for business or other purposes; and when the door has been locked and the key handed in at the office, their power of self-protection is at an end, the entire control and supervision of their property having been turned over to the innkeeper. And if, upon their return at the end of the day, they find that their goods have been taken away, it is obvious that they will have practically no means whatever of knowing or proving the cause of their loss. It would seem to be just, therefore, that upon proof of such a state of facts, the innkeeper should at least be called upon for an explanation, he having been placed in full charge of the property, and being in receipt of a valuable consideration for its safe custody.
Bearing in mind, therefore, the strict construction that is to be applied to such statutes, and there being nothing in the one under consideration which changes the well-established rule of the common law, that proof of such loss of his ordinary baggage and wearing apparel by a guest makes out a prima facie case, we think it clear that the rule is still in force, and that the charge of the court in that regard was correct.
Other errors are alleged, but upon consideration of the whole record, we do not deem them *142 prejudicial. It follows, therefore, that the judgment of the circuit court should be affirmed, and it is so ordered.

Judgment affirmed.

Davis, C. J., Spear, Shauck, Johnson and Donahue, JJ., concur.