Lieghley, J.
The parties were in reverse order below and will be so mentioned here.
The defendant maintains an establishment at Beulah Park, consisting of thirty rooms, to which reputable persons are admitted for hire, whether they be members of the Alliance or not. The proof tends to show that an applicant may obtain board for a day, a week, or a month; that a register is kept; that there is no sign on the building; that on August 1, 1916, the plaintiff, a non-member, was received as a- boarder or guest; and that on August 29, 1916, while she was absent from her room, jewelry and valuables were stolen therefrom by some intruder breaking the lock on the door. It is not claimed by the defendant that it complied with Section 5981, General Code, by maintaining a safe for the reception of valuables, or that notices-were posted in the rooms as per said section.
The plaintiff filed her statement of claim in the municipal court to recover from defendant the value of the goods stolen. A trial thereof resulted in a judgment for plaintiff, to reverse which judgment error is prosecuted to this court.
In the trial of the case below the defendant claimed that it maintained a boarding house only. The plaintiff claimed that the defendant at the time maintained a hotel. The trial of the case involved principally a determination of the question of whether or not the defendant kept a boarding 'house or was an innkeeper. From the proof we ■are not inclined to say that the trial court was wrong. The question whether a house where a guest is entertained is a- public inn or a private house, is a question of fact. (Beale on Innkeepers *275 arrd Hotels, Sections 13 and 14.) For authority as to wh'o is a guest, see Arcade Hotel Co. v. Wiatt, 44 Ohio St., 32.
The position maintained by the defendant having been determined to be wrong, the defendant became responsible for the safety of the personal possessions of the plaintiff left by her in her room while a guest of said hotel, in the absence of any substantial or proven claim of negligence on her part. Fuller v. Coats et al., 18 Ohio St., 343, and Palace Hotel Co. v. Medart, 87 Ohio St., 130.
The judgment of the court below is affirmed, with costs assessed against the plaintiff in error.

Judgment affirmed,

■Grant and Carpenter, JJ., concur.