Taft, J.
 

 At common law, an innkeeper’s liability for loss of a guest’s property is analogous to that of a common carrier. He is an insurer of such property against all loss on his premises with the following exceptions:
 

 1. Loss occasioned by act of Hod or of the public enemy.
 

 2. Loss occasioned by negligence of the guest.
 

 3. Loss occurring while the property is in the exclusive custody and control of the guest (for example, where not kept in the guest’s room or other proper place designated by the innkeeper for safekeeping of such property).
 

 Thus, it is usually sufficient for the guest to prove that the loss occurred on the premises of the innkeeper. In order to avoid liability for the loss, the innkeeper then has the burden of establishing by a preponderance of the evidence either that the loss was occasioned by an act of Hod or of the public enemy, or that it was caused by the negligence of the guest, or that it occurred while the property was in the exclusive custody and control of the guest.
 
 Fuller, Jr.,
 
 v.
 
 Coats,
 
 18 Ohio St., 343;
 
 Palace Hotel Co.
 
 v.
 
 Medart,
 
 87 Ohio St., 130, at 134 and 135, 100 N. E., 317, Ann. Cas. 1913E, 860. See
 
 Davidson
 
 v.
 
 Graham,
 
 2 Ohio St., 131, at 142.
 

 The common-law liability of the innkeeper has been modified in Ohio only as provided for by Sections 5981, 5982 and 5983, General Code.
 

 Sections 5981 and 5982 relate to certain specified kinds of property which are enumerated in Section
 
 *280
 
 •5981. Section 5983, by its terms, relates to property •“other than that described” in Sections 5981 and •5982.
 

 Section 5981 reads:
 

 “An innkeeper, whether a person, partnership or corporation, having in his inn a metal safe or vault :in good order suitable for the custody of money, banknotes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable papers, and bullion, and keeping on the doors of the sleeping rooms used by his guests suitable locks or bolts, and •on the transoms and windows of such rooms suitable fastenings, and keeping a copy of this section printed in distinct type conspicuously suspended in the office, ladies’ parlor or sitting room, bar room, washroom and •five other conspicuous places in such inn, or not less than ten conspicuous places in all therein, shall not :be liable for loss or injury suffered by a guest, unless ■such guest has offered to deliver such property to ■such innkeeper for custody in such metal safe or vault, and the innkeeper has omitted or refused to take and 'deposit it in the safe or vault for custody and give the .guest a receipt therefor.”
 

 In considering the effect of the above section in the instant case, the first question is whether the property lost by plaintiff is all property of the kinds described in that section. Considering the words used in the statute, we believe that “money” includes the cash lost, “jewelry” includes the watch and ring, and ■“■valuable papers” includes the baggage checks and ■parcel checks.
 

 Where an action is brought to recover for loss on an innkeeper’s premises of property of a guest of the kinds described in Section 5981, General Code, the ■statute will apply only if the innkeeper alleges and proves by a preponderance of the evidence:
 

 
 *281
 
 1. That he had in his inn a metal safe or vault in-good order suitable for the custody of the property enumerated in Section 5981.
 

 2. That he kept on the doors of the sleeping rooms-used by his guests suitable locks or bolts.
 

 3. That he kept suitable fastenings on the transoms- and windows of such rooms.
 

 4. That copies of Section 5981 were posted as therein required.
 

 A reading of Section 5981 clearly discloses that it is operative in a particular case, only if the foregoing-facts are established. It is elementary that, where a statute is so operative only if certain facts exist, the existence of the facts are conditions precedent to-operation of the statute, and the party who relies on the statute has the burden of alleging and proving their existence. See
 
 Joint Bd. of County Commrs.
 
 v.
 
 Whisler,
 
 82 Ohio St., 234, 92 N. E., 21.
 

 Defendants alleged the existence of each of those-facts but their existence was denied in the reply of plaintiff. The separate findings of fact are silent as to whether there was a safe or vault, whether there-were fastenings on the transoms and windows, and* whether there were locks or bolts on the doors; unless it may .be inferred that the court found the answers-to those questions in the affirmative. Such inference-might be drawn from the statement in the conclusions-of law that Section 5981, General Code, did not apply because there was no suitable fastening on the screen. The printed record does not disclose the evidence relating to those questions.
 

 The case is before this count on the pleadings and!' the docket and journal entries of the Municipal Court, the Common Pleas Court and the Court of Appeals. Plowever, the briefs set forth the special findings of fact and conclusions of law of the trial court.
 

 
 *282
 
 In such a situation this court would be inclined to conclude that those facts, which were not found in the findings of fact and which defendants had the burden of establishing in order to bring Section 5981 into operation, had not been established.
 
 Meyer
 
 v.
 
 Beck,
 
 87 Ohio St., 182, 100 N. E., 344.
 

 However, in his brief in this court and in argument, plaintiff conceded the existence of those facts so this court will treat the case as though they did exist.
 

 If the conditions precedent to operation of Section 5981, General Code, have been established, that section applies “unless” the guest offered to deliver the property to the innkeeper for custody in the safe or vault and the innkeeper omitted or refused to take and deposit it and give the guest a receipt therefor. In the instant case the guest alleges no such facts. It is fundamental that a party, who seeks to avoid the operation of a statute which is to apply “unless” certain facts exist, has the burden of alleging and proving such facts.
 

 Therefore, it follows, in the instant case, that Section 5981 does apply. It provides that the innkeeper “shall not be liable for loss or injury suffered by a guest. ’ ’ Therefore, the statute would appear to relieve defendants completely from liability for any loss alleged ,in plaintiff’s bill of particulars, unless there is something in Section 5982 which requires a different result.
 

 Plaintiff contends that the last sentence of Section 5982 enables a guest to recover from an innkeeper for loss of the kinds of property enumerated in Section 5981 caused by the innkeeper’s negligence; that such recovery can be had even when Section 5981 applies and the lost property was not offered to the innkeeper for custody; and that proof of his loss by the guest establishes a prima facie case of negligence of the innkeeper.
 

 
 *283
 
 Section 5982, General Code, reads:
 

 “An innkeeper shall not be obliged to receive from a guest for deposit in such safe or vault, property described in the next preceding section exceeding a •total value of five hundred dollars, and shall not be liable for such property exceeding such value whether received or not. Such innkeeper, by special arrangement with a guest may receive for deposit in such safe or vault property upon such written terms as may be agreed upon. An innkeeper shall be' liable for a loss of any of such property of a guest in his inn caused by the theft or negligence of the innkeeper or his servant.”
 

 By its terms the first sentence relieves the innkeeper of any obligation to receive, for safekeeping in his vault or safe, property of the kinds enumerated in Section 5981, to the extent that it exceeds $500 in value; and, whether he receives it or not, the language of this sentence apparently relieves the innkeeper from liability for any loss of what he is not so required to receive.
 

 The second sentence authorizes special arrangements between the guest and the innkeeper with regard to “property” to be deposited in the safe or vault. It should be noted that the term “property” and not ‘ ‘ such property ’ ’ is used. The term ‘ ‘property” would appear, therefore, to include not only property of the kinds enumerated in Section 5981, to the extent that it exceeds $500 in value, but other kinds of property. If so, such sentence authorizes the guest and innkeeper to make arrangements with regard to all kinds of property which the innkeeper is not required to accept for deposit in his safe, either under Section 5981 or the first sentence of Section 5982. For example, if the guest had a valuable fur coat the innkeeper would not be required by the terms of Section 5981 to receive
 
 *284
 
 it for deposit in Ms safe. Furthermore, if the guest had two rings, each worth $500, the first sentence of ¡Section 5982 would enable the innkeeper to refuse to receive one of them for deposit in his safe. The second •sentence apparently authorizes the innkeeper to receive such items for deposit in his safe on such terms .as may be agreed upon.
 

 The foregoing construction of the second sentence is supported by its legislative history. It first became .a part of the law in 1896 when it was incorporated into .Section 4427 of the Revised Statutes (92 Ohio Laws,' •322). At that time the word “property” was modified by the word “any” which was apparently dropped in the 1910 codification, which resulted in Section ■4427 being divided into what are now Sections 5981 ■.and 5982 of the General Code. No change in the language which later became a part of the second ■sentence of Section 5982 was made when Section 4427 was amended in 1900 (94 Ohio Laws, 16).
 

 The words in the second sentence, “upon such * * * terms as may be agreed upon, ’ ’ might include an agreement that the innkeeper should have no responsibility for loss even if caused by his own negligence.
 

 The third sentence of Section 5982, as it now reads, may have been intended to provide only for a limitation on the words, “upon such written terms as may be agreed upon,” found at the end of the second sentence. The third sentence by its terms relates to “loss of any of such property.” The words “such property” would normally be construed as referring to the property mentioned in the second sentence. It might be inferred that the General Assembly merely wanted to make sure that the innkeeper did not impose terms for safekeeping of property which he received for deposit in the safe, which did not at least Impose liability on the innkeeper fo.r his own theft or negligence or that of his servants.
 

 
 *285
 
 There are two objections to so limiting application of the language used in the third sentence. First, the third sentence uses the words “any of such property of a guest
 
 in his inn.”
 
 It might be argued that the words “in his inn” were intended to modify “guest,” but it appears more likely that they were intended to modify “property.” This is especially «so since the word “guest” in every other part of Sections 5981, ■5982 and 5983 appears without such modifying words, five of the seven times being before its use in such place. There would be no point in referring to “property * * * in his inn” if the General Assembly meant-merely property received for custody in the innkeeper’s vault. Second, the legislative history of this ¡sentence clearly discloses that by the words “such property of a guest in his inn” was meant property •of the guest of the kinds enumerated in Section-5981. 'Thus, prior to the 1910 codification, instead of the words “such property” now appearing in the third •sentence the words “above-enumerated articles” were used (94 Ohio Laws, 16; 92 Ohio Laws, 322; 80 Ohio Laws, 164; 57 Ohio Laws, 15). When what is now ^Section 5981 was first enacted in 1860, it included at the end language substantially equivalent to the third ■sentence of what is now Section 5982 (57 Ohio Laws, 15). What is now the first and second sentences of Section 5982 was first inserted in 1896 as a part of ^Section 4427, Revised Statutes (92 Ohio Laws, 322).
 

 It is our conclusion, therefore, that the last sentence •of Section 5982 requires that the words “shall not be liable,” where they appear in Sections 5981 and 5982, be interpreted to read “shall not be liable as an innkeeper”; and that instead the innkeeper is made liable for loss to all property of the kinds described in Section 5981 caused “by the theft or negligence of the innkeeper or his servant.” Furthermore, the $500
 
 *286
 
 limitation in Section 5982 does not apply to losses-caused by such theft or negligence.
 

 There is nothing in either of these sections to suggest that the burden of proof on the issue of negligence should be on the innkeeper rather than the guest or that proof of his loss by the guest would establish a prima facie case of negligence against the innkeeper.
 

 In construing Section 5983, this court held in
 
 Palace Hotel Co.
 
 v.
 
 Medart,
 
 87 Ohio St., 130, 100 N. E., 317, Ann. Cas. 1913E, 860, that, if a guest established a loss from his room of property covered by that section,, then it was not error to charge the jury that he had established a prima facie case of negligence of theinnke.eper. However, Section 5983 provides that, in-the instance which it covers, the liability of the innkeeper should be “that of a depositary for hire.” No-such words are used in Section 5982, General Code. Section 5983, General Code, clearly does not apply in the instant case as it relates, by its terms, only to-“property * * * other than that described in the next two preceding sections,”
 
 i. e.,
 
 Sections 5981 and 5982,. Genera] Code.
 

 It is our conclusion, therefore, that, where a guest’s action to recover for loss of his property is based upon the last sentence of Section 5982, General Code, the-guest has the burden of .alleging and proving by a preponderance of the evidence that his loss was caused' by the negligence or theft of the innkeeper or. his-servant; and the guest cannot establish a prima facie case of such negligence or of such theft by merely-proving his loss.
 

 It is not necessary to consider in this case what the-liability of the innkeeper would be for loss of property received by him from a guest for deposit in his safe,, to the extent that the value of such property does not exceed $500. We do not intend to suggest that it-would or would not be a liability only for his own. theft or negligence or that of his servant.
 

 
 *287
 
 The separate findings of fact and conclusions of law proceed upon the theory that Section 5981 was not applicable because there was no fastener on the window screen. Section 5981 does not even require a screen.
 

 The plaintiff, however, argues that the Municipal Court found facts which would justify determining that the defendants were negligent.
 

 In his bill of particulars plaintiff alleges defendants were negligent in that they:
 

 1. G-ave him a room with a window which opened out on to a roof which was less than two feet below his window sill and had a number of other windows so opening on to the roof.
 

 2. Failed to notify him that his room could be entered from the roof.
 

 3. Failed to have any screen or any protection of any kind over the window.
 

 In its findings of fact and conclusions of law the ' court found:
 

 1. The window of plaintiff’s room opened out on "to a roof, which fact made the room readily accessible to anyone on the roof.
 

 2. Plaintiff did not know of this condition.
 

 3. There was a screen on the window but there was no fastener on the screen suitable to protect the occupant of the room from intruders.
 

 Bearing in mind that it is conceded that the window had a suitable fastener on it, we do not believe that negligence could even be inferred either from the foregoing acts alleged by plaintiff as negligence or from Ihe foregoing findings of the court.
 

 An innkeeper may assign a ground floor room to a .guest. Such a room would almost always have a -window readily accessible to anyone on the outside. In the absence of a statute or ordinance forbidding it, would it be negligence to assign such a room to the
 
 *288
 
 guest if there was a suitable fastener on the window but no screen on the window suitable to prevent access from the outside? In the absence of a statute or ordinance requiring it, would it be negligence not to provide such a screen? To us the obvious answer to each of these questions is a negative one.
 

 The General Assembly in Section 5981, General' Code, specifically considered what was required to provide a reasonable degree of safety in the construction and maintenance of guest rooms. It required fasteners on windows but said nothing about any other protection on windows to keep out intruders. It did not provide against ground-floor guest rooms or require any greater protection for windows of such rooms.
 

 In a hotel in a city the size of Cincinnati, plaintiff,, like any other reasonable person, might well anticipate-that his room would be readily accessible from an-adjoining roof of another building even if the room was not on the ground floor. In the absence of a statute- or ordinance on the subject, defendants were under-no duty to warn him of such fact.
 

 It is difficult to see how a screen would have prevented plaintiff’s loss, regardless of how well it was-fastened. The purpose of a screen is usually to keep-out bugs, not burglars. If constructed to keep out insects it could be easily removed as a barrier. Unlike-a window, its removal could, probably be accomplished without any noise. A burglar-proof arrangement on the window of a guest room'would certainly invite a charge of negligence in the event of a fire. The hazards-from that viewpoint would certainly outweigh any burglar-proof advantages in the mind of a reasonably prudent hotel operator.
 

 Since neither the allegations of plaintiff’s bill of particulars nor the findings of fact of the court are-sufficient to justify a reasonable inference of defend
 
 *289
 
 ants’ negligence, the Municipal Court should have rendered judgment for defendants. It is therefore unnecessary to consider whether the findings of the Municipal Court would sustain defendants’ defense that plaintiff’s negligence was the cause of plaintiff’s loss. It is also unnecessary to consider whether the provisions of the last sentence of Section 5982 take away such a defense or any other common-law defense which an innkeeper has, when the guest alleges and proves that loss of property of the kinds enumerated in Section 5981 is caused by the negligence or theft of the innkeeper or his servant.
 

 The judgment of the Court of Appeals is reversed and final judgment is rendered for defendants.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.
 

 Turner, J., concurs in the judgment.