Bell, J.
In paragraph two of the syllabus in Rarrick v. Browne, 151 Ohio St., 276, 85 N. E. (2d), 386, this court held:
*304 “An innkeeper is liable as at common law for tbe loss on his premises of a guest’s property, except as such liability is modified by Sections 5981, 5982 and 5983, General Code [now Sections 4721.01, 4721.02 and 4721.03, Revised Code].”
These sections of the Code read as follows:
Section 4721.01. “An innkeeper, whether a person, partnership, or corporation, having in his inn a metal safe or vault in good order suitable for the custody of money, bank notes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable papers, and bullion, and keeping on the doors of the sleeping rooms used by his guests suitable locks or bolts, and on the transoms and windows of such rooms suitable fastenings, and keeping a copy of this section printed in distinct type conspicuously suspended in the office, ladies ’ parlor or sitting room, barroom, washroom, and five other conspicuous places in such inn, or not less than ten conspicuous places in all, shall not be liable for loss or injury suffered by a guest, unless such guest has offered to deliver such property to such innkeeper for custody in such metal safe or vault, and the innkeeper has omitted or refused to take and deposit it in the safe or vault for custody and give the guest a receipt therefor.”
Section 4721.02. “An innkeeper shall not be obliged to receive from a guest for deposit in the safe or vault, property described in Section 4721.01 of the Revised Code exceeding a total value of five hundred dollars, and shall not be liable for such property exceeding such value whether received or not. Such innkeeper, by special arrangement with a guest may receive for deposit in such safe or vault property upon such written terms as may be agreed upon. An innkeeper shall be liable for a loss of any of such property of a guest in his inn caused by the theft or negligence of the innkeeper or his servant. ’ ’
Section 4721.03. “The liability of an innkeeper whether person, partnership, or corporation, for loss of or injury to personal property placed in his care by his guests other than that described in Sections 4721.01 and 4721.02 of the Revised Code, shall be that of a depositary for hire. Liability shall not exceed one hundred fifty dollars for each trunk and its contents, fifty dollars for each valise and its contents, and ten dollars *305 for each box, bundle, or package, and contents, so placed in his care, unless he has consented in writing with such guest to assume a greater liability.”
In the interest of brevity in referring thereto, the property mentioned in these sections will be labeled as follows:
“4721.01 property,” consisting of all property listed in the section, namely, money, bank notes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable papers and bullion;
“4721.02 property,” consisting of all “4721.01 property” not in excess of $500 in value, and any other property ‘ ‘ specially deposited” with the innkeeper upon such written terms as agreed upon;
“4721.03 property,” consisting of trunks, valises, boxes, bundles and packages.
The trial court charged the jury that as a matter of law the bank of metal safe deposit boxes constituted “a metal safe,” and that such boxes complied with the requirement of Section 4721.01, Revised Code, that innkeepers must have “a metal safe or vault.” With that charge we are in accord. Concededly, the defendant had complied with the provisions of the section concerning locks and the posting of printed copies of the statute. The only remaining question is whether the safe or vault was a “suitable” one.
In his instructions to the jury, the trial judge, purporting to quote Section 4721.01, Revised Code, said:
“An innkeeper, having in his inn a metal safe or vault in good order suitable for the custody of jewelry and precious stones and other property, which I will not read to you * * *.” (Emphasis added.)
On several occasions in referring to the word, the trial court said that “suitable” means suitable for taking care of the valuables of a guest.
In this we believe the court was in error. An innkeeper is not required under Section 4721.01, Revised Code, to maintain a safe or vault suitable for valuables or other property. As pointed out by Judge Taft, in Rarrick v. Browne, supra, a fur coat may be considered a “valuable.” Similarly, an expensive *306 piece of luggage, a painting by Renoir or a rare first edition may be considered a “valuable.” Yet it could not be contended that these items fall within the enumerated “4721.01 property.” Nor do we believe that a brief case can be classed as “4721.01 property.”
However, from the physical description of the bank of safe deposit boxes, it is clear that they could easily have accommodated the wallets and small packets of jewels alleged to have been in the brief case. The defendant is thus absolved from its common-law liability as an insurer by its compliance with Section 4721.01, Revised Code, and the trial court was in error in submitting to the jury any question of liability thereunder.
The first sentence of Section 4721.02, Revised Code, provides that an innkeeper is not required to accept for deposit in his safe or vault “4721.01 property” in excess of $500, and he is not liable for such property exceeding that value, whether received or not.
If, therefore, plaintiff’s employee deposited “jewels,” as he claims, in a “jewel case,” he deposited “4721.01 property,” and plaintiff is bound by the provisions of Section 4721.02, Revised Code. The defendant in such event is liable only to the extent of $500, since it is conceded there was no written agreement to assume a greater liability.
The opinion in Rarrick v. Browne, supra, analyzes the legislative history of the three sections of the Innkeeper’s Act quoted herein, and the court unanimously accepted the construction of the words, “such property,” in the last sentence of Section 4721.02, Revised Code, as applying to all property mentioned in the section, “4721.01 property” as well as “specially deposited” property. Thus the liability of an innkeeper for negligence of or theft by himself or his servant is related to each of the enumerated property items, and no recovery can be had by a guest without proof of negligence. The rule can also be applied to “4721.03 property” as well. If this interpretation is the proper one, it would appear that a great many words were wasted in enacting the three sections.
As is indicated in the concurring opinion of Judge Matthias, however, the resolution of the single question involved in the Rarrick case did not require such an interpretation.
*307 As pointed out in the opinion in the Rarrick case, at the time of the 1910 codification, the words, “above enumerated articles,” in the last sentence of Section 4427, Bevised Statutes, were replaced by the words, “such property,” in Section 5982, General Code, when Sections 5981 and 5982, General Code (Sections 4721.01 and 4721.02, Bevised Code), were enacted to replace it.
The writer attaches more significance to the use of the word, “such,” than was attached to it in the Rarrick case. “Such” is a “descriptive and relative word, and refers to the last antecedent, unless the meaning would be impaired thereby.” 40 Words and Phrases, 562; 2 Sutherland, Statutory Construction (3 Ed.), 448, Section 4921. That change, coupled with the fact that the statute was divided into two parts, indicates an intention to modify the previous enactment. It appears to the writer to be the more reasonable construction to apply the last sentence of Section 4721.02, Bevised Code, only to the property described in the preceding sentence, i. e., the “specially deposited” property. As to “4721.01 property” enumerated in the section, the innkeeper would be liable only to the extent of $500, but this liability would be as an innkeeper.
There was a conflict in the testimony as to just what was deposited with the defendant. If the trier of the facts finds that it was “jewels” in a “jewel case,” or “4721.01 property,” defendant’s liability for the loss is limited by Section 4721.02, Bevised Code, to $500. If it is found that the deposit was not “4721.01 property” but instead was “specially deposited” property, the defendant is liable for the value of such property if it or its servant was negligent, and the usual rules of negligence and contributory negligence are applicable. If the deposit is found to have been neither “4721.01 property” nor “specially deposited” property, it, of necessity, would have been “4721.03 property,” and the liability of the defendant would be limited to the values prescribed in Section 4721.03.
In determining the liability of an innkeeper, the question of whether there is an obligation on the part of a guest to disclose the contents or the value of the contents of the container, whether it be “jewel ease,” brief case or valise, becomes important. There are apparently no Ohio eases in point.
At common law, a guest is under no obligation to disclose *308 the contents and value of property taken into an inn, in order to impose liability on an innkeeper. Beale on Innkeepers and Hotels, 159, Section 226; Coskery v. Nagle, 83 Ga., 696,10 S. E., 491, 20 Am. St. Rep., 333, 6 L. R. A., 483; Shoecraft v. Bailey, 25 Iowa, 553; 43 Corpus Juris Secundum, 1155, Section 14.
The trend under modern statutes limiting the common-law liability of an innkeeper appears to be to the contrary, and the majority of cases hold in effect that a guest is not relieved from all responsibility in respect to his property on entering an inn. He is bound to use reasonable care and prudence in respect to its safety, so as not to expose it to unnecessary danger of loss. Read v. Amidon, 41 Vt., 15, 98 Am. Dec., 560; Hadley v. Upshaw, 27 Tex., 547, 86 Am. Dec., 654; Rubenstein v. Cruikshanks, 54 Mich., 199, 19 N. E., 954, 52 Am. Rep., 806; Stoll v. Almon C. Judd Co., 106 Conn., 551, 138 A., 479, 53 A. L. R., 1042; Beale on Innkeepers and Hotels, 152, Section 223. Such was the rule at common law in Ohio. Rarrick v. Browne, supra, at 279; Fuller v. Coats, 18 Ohio St., 343.
A number of cases outside Ohio hold that reasonable care and prudence in respect to the safety of his property require a disclosure of the value of such property by a guest if he expects to hold the innkeeper to liability in excess of that limited by statute. Roger Wurmser, Inc., v. Interstate Hotel Co. of Nebraska, 148 Neb., 660, 28 N. W. (2d), 405; Shiman Bros. & Co., Inc., v. Nebraska National Hotel Co., 146 Neb., 47, 18 N. W. (2d), 551; Hagerstrom v. Brainard Hotel Corp., 45 F. (2d), 130.; Providence Washington Ins. Co. v. Hotel Marysville, Inc., 60 Cal. App. (2d), 338, 140 P. (2d), 698; Gardner v. Jonathan Club, 35 Cal. (2d), 343, 217 P. (2d), 961.
Such a rule is the essence of reason. How can an innkeeper make a “special arrangement” to receive the property of a guest if he does not know what the property is? How can the innkeeper and guest agree on terms for such receiving? How can an innkeeper refuse to receive “4721.01 property” in excess of $500, as he has a right to do, unless he knows the value of the property tendered? These questions are unanswerable, unless somewhere along the line there is a duty upon someone to make disclosure.
The above-cited cases announce a salutary and logical rule *309 in imposing on the guest that duty to disclose. The failure of plaintiff’s employee to make such disclosure, under the admitted facts in this case, was an act of negligence which precludes any recovery beyond the limited liability imposed by the first sentence of Section 4721.02 or by Section 4721.03, Revised Code.
The view we have taken obviates the necessity of passing on the assigned error in refusing to give the instructions requested by defendant.
Although it is arguable that, as a matter of law, the brief case deposited by plaintiff’s employee can not be considered “4721.01 property,” the majority of the court is of the opinion that the cause should be remanded to the Court of Common Pleas for a determination of the question whether the property involved-was “4721.01 property” or “4721.03 property.”

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Matthias and Herbert, JJ., concur.
Taet, J., concurs except as to paragraph four of the syllabus.