RAPPAPORT, Appellee,

v.

AKRON WEST HILTON INN, Appellant.

[Cite as *Rappaport v. Akron West Hilton Inn* (1993), 87 Ohio App.3d 389.]

Court of Appeals of Ohio,
Summit County.

No. 16043.

Decided April 28, 1993.

*Brent Rappaport, pro se.*

*John Miller,* for appellant.

———

REECE, Judge.

Defendant-appellant, Akron West Hilton Inn ("Hilton"), appeals the trial court's judgment finding it negligent for failing to provide adequate security which caused the theft of the plaintiff-appellee Brent Rappaport's watch. We reverse.

Rappaport was a paying guest at Hilton on April 29, 1992. On that day, a watch worth $1,337.50 was stolen from his room. Rappaport claimed that the theft was a result of Hilton's lax security. Further, he testified that Hilton had notice of its security problem because another patron had a large amount of cash stolen from his room less than two weeks earlier. According to Rappaport, Hilton's cleaning people had previously left his door ajar when they finished his room.

Hilton claimed that R.C. 4721.01 controlled this action. The statute shields hotels from liability for the theft of certain items of personal property if they provide a safe for their guests' possessions and give adequate notice of this safe and the effect of failure to place possessions in it. The referee assigned to the case found that the statute did not apply and that Hilton had negligently provided security. Hilton objected to this report. The trial court adopted the referee's report over these objections. Hilton appeals, raising two assignments of error.

### Assignment of Error I

"The lower court erred in overruling defendant-appellant's objections to referee's report and upholding the referee's report as the order of the court granting judgment in favor of plaintiff-appellee and against defendant-appellant, founded in negligence, in light of defendant-appellant's compliance with O.R.C. Section 4721.01."

■ R.C. 4721.01 establishes a standard of care for innkeepers to meet in providing security for their guests' property. It provides:

"An innkeeper * * * having in his inn a metal safe * * * suitable for custody of * * * jewelry * * * and keeping on the doors of the sleeping rooms used by his guests suitable locks or bolts, and on the transoms and windows of such rooms suitable fastenings, and keeping a copy of this section printed in distinct type conspicuously suspended in * * * not less than ten conspicuous places in all, shall not be liable for loss or injury suffered by a guest, unless such guest has offered to deliver such property to such innkeeper for custody in such metal safe or vault, and the innkeeper has omitted or refused to take and deposit it in the safe * * *."

In this case, Hilton produced evidence at the trial court that it had complied with the requirements of R.C. 4721.01. The referee's report provides no indication whether Rappaport produced any evidence to show that the statute was not met. Rather, the referee found that Hilton violated a duty of ordinary care by providing inadequate security.

The trial court's findings were based on common-law negligence. The Ohio Supreme Court has found that an innkeeper is liable as at common law, except as such liability is modified by R.C. 4721.01. *Rarrick v. Browne* (1949), 151 Ohio St. 276, 39 O.O. 78, 85 N.E.2d 386, paragraph two of the syllabus; *Chase Rand Corp. v. Picks Hotels Corp.* (1958), 167 Ohio St. 299, 304, 4 O.O.2d 345, 347–348, 147 N.E.2d 849, 853. R.C. 4721.01 modifies the common law by providing that an innkeeper shall not be liable for the loss of property if it complies with that statute. The term "shall not" expresses a mandatory requirement. Thus, the trial court was required to consider whether Hilton had complied with R.C. 4721.01; if it had, the court was required to find Hilton was not liable. If Hilton had not complied with those requirements, then the court could find Hilton was liable. In this case, the trial court erred in not finding whether the statutory requirements had been met.

█ The trial court also opined that a watch, as an item that is worn every day, should not be included in property that must be placed in a safe. The Supreme Court has found that a watch is "jewelry" within the meaning of this statute. *Rarrick, supra,* paragraph three of the syllabus. Thus, the trial court erred in this finding. The Hilton's first assignment of error is well taken.

## Assignment of Error II

"The lower court erred by awarding judgment against appellant in favor of appellee in excess of five hundred dollars ($500.00) in light of the limit on extent of liability as provided for under O.R.C. Section 4721.02."

As we have found that the trial court erred in not finding whether the statutory requirements had been met, this assignment of error is rendered moot.

The judgment of the trial court is reversed and the cause is remanded to determine whether the Hilton complied with R.C. 4721.01.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and DICKINSON, J., concur.